## CHARLES W. ISRAEL
### v.
## THE TOWN OF WHITEHALL.

PRACTICE IN APPELLATE COURT—FILING ABSTRACT—RULES.—A mere index to the record, referring to the pages containing evidence, instructions, etc., is not such an abstract of the record as is required by the rules of this court, and appellant failing to file an abstract of the record in accordance with the rules of court, the judgment below is affirmed.

APPEAL from the Circuit Court of Green county.

HIGBEE, P. J.   Rule 22, adopted for the government of this court, provides that "in all cases, the party bringing a cause into this court shall furnish a complete abstract or abridgment of the record therein, referring to the appropriate pages of the record by numerals on the margins, and shall cause such abstract to be printed in a neat and workmanlike manner, with small pica type and leaded lines, on one side only, leaving a margin of at least two inches in width on the left hand side of each sheet.  *Five* copies of such printed abstract in each case— one for each of the judges, one for the defendant in error or appellee, and one to be filed with the record."

Rule 28 provides that all cases on the docket shall be called at the rate of twenty cases per day; and Rule 29 that the call commence on the second Tuesday of the term, and that plaintiff in error or appellant must file his abstracts and briefs in the office of the clerk six days before the day when the case stands subject to call, and in all cases, in the event that either the brief or abstract is not filed within the prescribed time, the judgment or decree of the court below will, on the call of the docket, be affirmed.

The present term of court commenced on the 20th day of November, and these rules were announced on that day.   The call of the docket commenced on the 27th, and under the rule this case stood for call on the 28th.   The abstract was required to be filed on the 22d, six days before the case stood subject to

call. On the 28th, the appellant being in default appeared in court by his attorney and asked and obtained leave of court to file his abstracts *instanter*, and under such leave placed on file a printed index to the record and calls it an abstract. It does not contain a single word of the record, the evidence or the instructions of the court below, but is a simple index to the record; contains references to the pages of the record thus: Page 1. Copy of the summons. Page 2. Service of same. Page 9. Copy of town ordinance. Page —. Bill of exceptions. Page 11. Testimony of Byron Terhern. Page 15. Evidence of defendant and instructions given, &c.

The case is now, on the 3d day of December, called for trial and the appellee asks to have the judgment below affirmed for want of abstracts.

We also find on trial a brief of appellant in which he insists that the judgments should be reversed because it is against the evidence and because the Court gave and refused divers instructions which he says are contained in the record, but neither the evidence nor instructions are copied into his abstract or brief. The court, however, is referred to the page of the original record for them.

This, in our opinion, is such a failure to comply with the rules of the court as to make it the duty of the court to affirm the judgment below for want of an abstract.

If this practice is to prevail in this case, it must be allowed in all other similar cases, and the rules will be evaded and their object wholly defeated.

The judgment of the court below is affirmed at the cost of appellant.

Judgment affirmed.