LEVI L. DORSEY ET AL.

v.

S. T. CORN.

ATTORNEY'S FEES WHEN ALLOWED BY COURT—RULE FOR DETERMINING.
—In fixing the amount of attorney's fee when allowed by the court, the examination should be directed to what is customary for such legal services where contracts have been made in advance with persons competent to contract, and not what is reasonable, just and proper for the solicitor in the particular case. The inquiry should be, not what an attorney thinks is reasonable, but what is the usual charge. In taxing such fees, the chancellor should exercise his own judgment, and not be wholly governed by the opinions of attorneys as to the value of the same.

ERROR to the Circuit Court of Macoupin county; the Hon. C. S. ZANE, Judge, presiding.

Mr. A. N. YANCEY, for plaintiff in error; that the fee allowed is unreasonable for the services rendered; and that no allowance should have been made without notice to minor defendants, cited Goodwillie v. Milliman, 56 Ill. 523; Reynolds v. McMillan, 63 Ill. 46.

HIGBEE, P. J. This was an *ex parte* proceeding for partition, commenced in the court below by Levi L. Dorsey, Jr., M. Pellen Dorsey and Richard E. Dorsey; the last two named being infants, were represented by Robert J. Hornsby, their guardian. A decree was entered appointing commissioners to make partition, and upon their report that they had made partition, a final decree was rendered approving said report, and vesting the title in severalty to the premises described in the bill and decreeing as follows:

"And it is further ordered that the costs and expenses of this proceeding be paid within thirty days by the parties, in the following proportion, to wit: that each of the three parties pay one-third thereof, and that the same be paid within thirty days from this date, and in default thereof that execution issue therefor; and it further appearing to the court that no contract has

been made for attorneys' fees, and it further appearing from the evidence of John I. Rinaker, F. H. Chapman and Samuel Pitman, that a reasonable attorney's fee would be five hundred dollars, it is further ordered by the court that five hundred dollars be allowed to S. T. Corn, solicitor for complainants, and taxed as part of the costs herein."

Upon which decree appears the following endorsements, to-wit:

"Approved April 11th, 1874.

        "C. S. ZANE, Judge.

"Filed April 11th, 1876.

        "H. W. BURTON, Clerk."

Plaintiffs bring the case to this court, and assign for error the allowance of said sum of $500 as solicitor's fees.

The only evidence in the record to base this allowance upon is the testimony of the witnesses, contained in the decree, that "a reasonable attorney's fee would be five hundred dollars."

No facts are stated by the witnesses, such as the usual and ordinary fees paid for similar services, when contracts are made in advance by competent parties. They simply give their opinion that $500 would be a reasonable fee. In fixing the amount of a reasonable fee, the examination should be directed to what is customary for such legal services where contracts have been made with persons competent to contract, and not what is reasonable, just and proper for the solicitor in the particular case. The inquiry should be, not what an attorney thinks is reasonable, but what is the usual charge. Reynolds et al. v. McMillan, 63 Ill. 46.

We do not think the evidence sufficient to authorize the allowance made.

But looking to the record we are enabled to see the amount and character of the services actually rendered by the solicitor in the case.

At the March term, 1876, of the Macoupin Circuit Court, a short bill was filed alleging, in substance, that complainants were owners in fee as tenants in common of certain land therein described, all in said county, and amounting in all to about 536 acres; that no other person had any interest therein, and praying

Dorsey et al. v. Corn.

for a partition thereof among them equally. By leave of the court, a slight amendment was made to the bill correcting the description of one tract of land. The cause was referred to the Master in Chancery, who reported the proofs, fully sustaining the bill, and thereupon a decree was entered declaring the rights of the parties, and ordering partition to be made, by assigning to each of the complainants one-third of all said premises, and appointing commissioners to make said partition.

At the same term the commissioners reported that they had made partition, and a final decree was then rendered approving the report, vesting the title in severalty and requiring each party to pay one-third of the costs, including the solicitor's fee, within thirty days, and in default that execution issue therefor.

The value of the property partitioned does not appear in the record.

Proceedings in partition are usually very simple, and require no great legal skill, and a case of the kind could not well be imagined requiring less labor than seems to have been required in this. It is a case of partition in its least complicated form. But three owners of the lands, and they in equal parts; no conflicting claims or titles; no defendants, no process to issue or serve, and the labor to be performed merely of a clerical character. For such service we regard $500 as an unreasonable allowance. In taxing such fees the chancellor should exercise his own judgment, and not be wholly governed by the opinions of attorneys as to the value of the same. He has the requisite skill and knowledge to form some idea as to what is fair and reasonable compensation, and he should exercise that judgment. Van Ohlen v. Van Ohlen, 56 Ill. 528.

The decree allowing the solicitor's fees is reversed, and the cause remanded.

Reversed and remanded.