THE PEOPLE EX REL. CHRISTIAN ROSENBERG

v.

JOHN T. ANGERER ET AL., COUNTY COMMISSIONERS.

*Practice—Insufficient Abstract of Record—Affirmance under Rule 26.*

1. The abstract of record, required by rule 21 of this court, must fairly and intelligently present, in a condensed form, the substance of those portions of the record upon which error is assigned.

2. In the case presented, this court declines to consider the merits and affirms the judgment of the court below for want of a sufficient abstract.

[Opinion filed June 7, 1887.]

APPEAL from the Circuit Court of Monroe County; the Hon. GEORGE W. WALL, Judge, presiding.

The People v. Angerer.

As the court declines to consider this case upon its merits for want of an abstract of the record in compliance with the rule of court, the entire abstract, as filed by appellant, is here inserted :

### ABSTRACT.

#### *First.*

Transcript of proceedings in the Circuit Court of Monroe County, September term, 1886, on petition for *mandamus.* A hearing was had before Judge Wall and a writ of *mandamus* refused.

#### *Second.*

Record pages.

Petition for *mandamus* from page No. 2 to page 9.

#### *Third.*

The petition sets out, in full, the proceedings of the County Board in the abandonment of the old Red Bud and Glasgow City road ; and re-location set out in petition, and claimed by petitioner as the legal highway established by law between Red Bud and Glasgow City. The plat of said road is found on page 32 of record. The evidence of plaintiff is found from page 18, commencing with report of Commissioners, to page 32. All evidence on both sides is record evidence, excepting one affidavit of the tender of money.

#### *Fourth.*

This cause was brought at the September term of the Circuit Court of Monroe County, Judge Wall presiding. The papers having been lost or misplaced, were not found until the close of the session; then an agreement was entered into between the plaintiffs and defendant's attorneys to file answers and replication, and send to Judge Wall to decide, without argument, as of September term, 1886, with the records as set out in this cause.

Decision of the court rendered as of October 5, 1886, refusing to award the writ of *mandamus* as prayed in said petition, and judgment was entered against petitioner for costs. Appeal granted and perfected and the record brought to this court for review.

Messrs. SLATE & WINKELMANN, for appellant.

Messrs. W. H. HORINE, JR., State's Attorney, and J. W. RICKERT, for appellees.

PILLSBURY, J.   Rule 21 of this court provides that " In all cases a party bringing a cause into this court shall furnish a complete abstract or abridgment of the record therein, referring to the appropriate pages of the record by numerals on the margin, and shall cause such abstract to be printed in a neat and workmanlike manner, with small pica type and leaded lines, on one side only, upon white foolscap paper, leaving a margin at least two inches in width on the left hand side of each sheet.   Five copies of such printed abstract shall be filed in each case, one for each of the judges, one for the defendant in error or appellee, and one to be filed with the record." Rule 26 provides that " Hereafter the call of the docket will commence on the third day of the term and fifteen cases per day will be subject to call, and in the event that either abstract or brief is not filed within the prescribed time the judgment or decree of the court below will, on the call of the docket, be affirmed."

The purpose of an abstract is to fairly and intelligibly present to the court in a condensed form the substance of those portions of the record upon which error is assigned.

Here is a record of some forty pages, consisting of a petition for *mandamus*, evidence introduced and orders of court, and the assignment of errors questions the finding of the court upon the evidence, and yet not one word of the evidence is incorporated into the abstract, nor a single averment of the petition.

The court is informed by the pretended abstract that th e petition will be found from pages 2 to 9 of the record, and the evidence of the plaintiff from pages 18 to 32 of the record. This is, in no sense, a compliance with the rule of the court. It furnishes no aid to the court in the investigation of the merits of the cause, and might as well have been omitted altogether.   Under such circumstances we do not feel called upon

to examine the contents of the record to ascertain if error has been committed.

If parties expect to have their assignment of errors examined by this court, they must show a fair effort to fully and fairly present their cause according to the rules established for their guidance. Johnson v. Bantock, 38 Ill. 111; Israel v. Town of Whitehall, 2 Ill. App. 509. We affirm the judgment under rule 26 of this court for want of abstract.

*Judgment affirmed.*