# The Liverpool, London & Globe Insurance Company

## v.

## William Sanders.

*Bill of Exceptions—Instructions—Fire Insurance—Conflict of Evidence.*

1. Instructions to the jury, not incorporated in the bill of exceptions, but copied by the clerk into the transcript of the record, can not be considered by this court on appeal.

2. Where the evidence is conflicting and the record affords no reason for supposing that the jury have not reached a just conclusion, this court will not interfere with their verdict.

[Opinion filed May 16, 1888.]

APPEAL from the Circuit Court of Cook County; the Hon. R. W. CLIFFORD, Judge, presiding.

Mr. ROBERT HERVEY, for appellant.

Mr. L. M. SHREVE, for appellee.

BAILEY, J.  This was a suit in assumpsit, brought by William Sanders against the Liverpool, London & Globe Insurance Company, to recover for a loss under a policy of insurance against fire, issued by the defendant to the plaintiff. The policy was for $700, and covered the furniture and other goods and chattels of the plaintiff contained in a frame cottage then occupied by him and his family as their dwelling. The defenses alleged and which the defendant sought to sustain at the trial, were, first, that the fire by which the property insured was destroyed or damaged was intentionally or fraudulently caused by the plaintiff or others acting in his employ; second, that the plaintiff, in his proofs of loss, grossly and fraudulently over-valued the property claimed to have been lost or damaged; and third, that the policy made the ascertainment of the amount of the loss by arbitration a condition precedent to a recovery upon the policy and that no such arbitration had been had.  A trial was had by a jury, who found the issues for the plaintiff and assessed his damages at $638.25, and judgment was rendered accordingly.

The evidence is clear that the condition of the policy in relation to arbitration was expressly waived by the defendant. As to the other defenses interposed, the evidence was quite conflicting. Considering the entire record, however, we are unable to say that the verdict was unwarranted. The jury saw and heard the witnesses and were best qualified to judge as to their credibility, and the record affords us no reason for supposing that they have not reached a just conclusion.

Counsel for the defendant asks for a reversal of the judgment on account of errors in the instructions to the jury. The

questions thus raised are not open for consideration in this court, for the reason that the instructions are not embodied in the bill of exceptions. In preparing the transcript of the record for this court, counsel have brought up the original bill of exceptions, pursuant to the provisions of the "Act concerning fees and costs," approved June 15, 1887. Said bill of exceptions purports to contain all the evidence given at the trial, and at the close of the evidence it recites as follows: "And thereupon the court instructed the jury on the part of the plaintiff as follows: (Here insert instructions given for plaintiff.)" After stating the defendant's exception to said instructions, the recital continues as follows: "And the court thereupon gave the following instructions asked on the part of the defendant: (Here insert instructions given for defendant.)" Then follow the plaintiff's exceptions to the defendant's instructions, and again the recital continues as follows: "(Here insert the defendant's instructions refused.) But the court refused to give said instructions refused, to which refusal of the court to give the same, the defendant, by its counsel, then and there excepted." The instructions themselves are not given, nor are there any references to any other part of the record where they may be found.

The clerk, in making out the transcript of the record proper, has inserted, immediately after the record of the trial and verdict and prior to the record of the judgment, the following recital: "Thereupon, on the same day, to wit, on the 20th day of July, 1887, the following instructions were filed in said cause, to wit:" Then follow a number of instructions headed "Plaintiff's instructions given," after which follow several other instructions headed, "Defendant's instructions given," and then two other instructions headed "Defendant's instructions refused." No other allusion to the instructions is contained in the transcript or in the bill of exceptions.

The rule is perfectly well settled that the only mode by which instructions to the jury can be preserved in the record is by embodying them in the bill of exceptions, and that instructions not so preserved, but copied by the clerk into the transcript of the record proper, do not hereby become a part

of the record and can not be noticed by this court on appeal. The instructions copied into the transcript in this case, then, not being a part of the record, furnish us with no evidence as to what instructions were given or refused at the trial.

The record, in the condition in which it is presented to this court, fails to sustain any of the defendant's assignments of error, and the judgment will therefore be affirmed.

*Judgment affirmed.*