## CHARLES B. SHEDD

v.

## JOHN DALZELL.

*Practice—Evidence—Depositions—Objections—Bill of Exceptions.*

1. It is not sufficient to object to depositions before the trial. Objections should be made and exceptions preserved when they are offered in evidence.

2. This court will not consider instructions which are not incorporated in the bill of exceptions.

3. The bill of exceptions should show by whom exceptions noted were taken.

4. It should appear from the bill of exceptions that the motion for a new trial was decided, and that exception thereto was taken.

[Opinion filed March 13, 1889.]

Appeal from the Circuit Court of Cook County; the Hon. Richard W. Clifford, Judge, presiding.

Mr. Ullman Strong, for appellant.

Mr. Geo. Willard, for appellee.

Gary, J.    Taking up the errors assigned in the order they are assigned, the first five relate to the admission or rejection of evidence, and there is no exception to the action of the court upon that subject.   The evidence for the appellee was by depositions.   Before the jury was impaneled the appellant moved to exclude, or objected to, the depositions, and excepted to the ruling of the court against him, but when the trial was in progress, so far as the record shows, they were read without objection.    Perhaps he had by that time changed his mind.    Perhaps the court would have done so.   Gardner v. Haynie, 42 Ill. 291.

The next four errors assigned relate to instructions.   None are in the bill of exceptions.   It says some are attached.   The court can not look outside of the bill itself for them.   Liverpool v. Sanders, 26 Ill. App. 559.   If they were in the bill they are not in the abstract.   If parties will not conform to the rules of the court, the court will not encourage the disregard of them.

Many cases have called the attention of litigants to the rules on this subject, from Johnson v. Bantock, 38 Ill. 111, to People v. Angerer, 23 Ill. App. 450.   And still further, the record does not show that appellant excepted to any action of the court upon the instructions.   It says, " Exceptions then and there were taken;" by whom is not stated.   Wickenkamp v. Wickenkamp, 77 Ill. 92.

The bill of exceptions does not show that the motion for a new trial was ever decided, and, of course, contains no exception in relation to it.   Dorsey v. Corn, 2 Ill. App. 533, was in chancery, and is no guide as to what the record on the law

side of the court should be.    The only justification for spending so much time on a record like this is that thereby the attention of the bar may be called to the need of complying with the rules of the court and of the law.

*Judgment affirmed.*