CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

## FIRST DISTRICT—OCTOBER TERM, 1888.

CHICAGO & GRAND TRUNK RAILWAY COMPANY

v.

CORNELIUS T. CROLIE.

| 33 | 17 |
| 41 | 154 |
| 33 | 17 |
| 44 | 441 |
| 33 | 17 |
| 51 | 574 |
| 33 | 17 |
| 57 | 611 |
| 33 | 17 |
| 59 | 318 |

*Practice — Insufficient Abstract — Railroads — Negligence — Injury to Horse during Transit.*

This court declines to consider an action to recover from a railroad company for injury to a horse during transit, for the reason that the abstract does not contain the substance of those parts of the record upon which error .is assigned as required by rule twenty-one.

[Opinion filed April 17, 1889.]

APPEAL from the Circuit Court of Cook County ; the Hon. A. N. WATERMAN, Judge, presiding.

Mr. F. H. CULVER, for appellant.

Mr. WILLIAM NUNN, for appellee.

GARNETT, P. J. The abstract of record filed in this case does not satisfy the 21st rule of court. It is nothing more than an index, and fails to show anything upon which error

may be assigned. The supplemental abstract filed by appellee does give what purports to be an abridgment of the evidence of some of appellee's witnesses, but wholly fails to remove the objection we make, as we should still be obliged to examine the record itself on all the questions argued.

Appellant's grounds for its motion to suppress depositions are not given in the abstracts. The bill of exceptions shows 133 pages of testimony, while only three and one-half pages of the abstract are employed in setting forth what the witnesses said. About all we can ascertain of the evidence from appellant's abstract is, that Crolie shipped a mare over appellant's road; that she was injured and died from the injury; that appellant and appellee disagreed as to the question of negligence of appellant, and that the witnesses disagreed as to the quality and value of the animal. The abstract then states that instructions were given for plaintiff, others were given for defendant, and others asked for defendant, but refused. What the instructions were that were given or refused, or whether any exceptions were taken to those given or to the refusal of others asked by appellant is not stated. If we must accept such an abstract, the rule of court referred to is not of any benefit and might as well be repealed. The intention of the rule is to require a presentation in the abstract, in substance, of those parts of the record upon which error is assigned. Any material departure from this regulation is fatal to appellant's right to a hearing on the merits in this court. Johnson v. Bantock, 38 Ill. 111; Major v. Collins, October Term, 1888, of this court; The People v. Angerer, 23 Ill. App. 450.

The judgment is affirmed for want of compliance with the rule.

*Judgment affirmed.*