## Lake Shore & M. S. Ry. Co. v. Marie Ouska, Admr., etc.

1. NEGLIGENCE—*Due Care.*—Negligence and due care are questions of fact for a jury to decide.

2. DAMAGES—*Death from Negligent Act.*—The damages in case of a negligent act can not be more than the pecuniary injury to the widow and the next of kin. It is impossible to compute them with mathematical exactness.

6. RAILROAD COMPANY—*Right to Obstruct Public Street.*—A railroad company can claim no right to shut the citizen from the public street; and if it makes the danger in so doing imminent, nothing can prevent a jury from finding against it, when injury follows.

**Memorandum.**—Action for damages. Death from negligent act. Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the October term, 1893, and affirmed. Opinion filed January 11, 1894,

### STATEMENT OF THE CASE.

On July 2, 1890, Josef Ouska was crossing the tracks of appellant on State street near 63d street, and while in the act of doing so, he was killed by a suburban train, called a dummy train, coming from the east on its way to appellant's depot at Van Buren street in Chicago.

This action is case, brought by his administratrix to recover for the death.

APPELLANT'S BRIEF, GARDNER & McFADON AND PLINY B. SMITH, ATTORNEYS.

The rule of law is clear that one who runs, with a view of crossing a track of a railroad company, ahead of a locomotive moving in rapid motion thereon, and who, miscalculating the distance, is injured in the attempt, is guilty of such contributory negligence that he can not recover for his injury. Chicago & A. R. Co. v. Frear, 53 Ill. 115; Bellefontaine v. Hunter, 33 Ind. 335; Chicago R. Co. v. Bell, Adm'r, 70 Ill. 108; R. R. Co. v. Houston, 95 U. S. 697; Thomas, Adm'x, v. D. L. & W. R. R. Co., 8 F. R. 732.

Appellee's Brief, Jesse Cox and Gideon F. Lanaghen,
Attorneys.

It is the duty of all railroad companies, whose roads run through a village, to run their trains while in the village at such a rate of speed as to have them under control, and be able to avoid injury to persons or property, though there is no ordinance of such village on the subject. And if they fail to do so, they are guilty of negligence. Chicago & A. R. R. Co. v. Engle, 84 Ill. 397; L. S. & M. S. Ry. Co. v. Bodemer, 139 Ill. 596.

Railroad companies are not at liberty to adopt the same rate of speed in the densely settled city as in the country, even where there is no express statute or ordinance on the subject. Chicago & N. W. Ry. Co. v. Dunleavy, 129 Ill. 132.

Railroad companies, in operating their cars in crossing public highways, must so regulate the speed of their trains and give such signals to persons passing, that all may be apprised of the danger of crossing the railroad track; and a failure in any of these duties, on their part, will render them liable for injuries inflicted and for wrongs resulting from such omissions. R. R. I. & St. L. R. R. Co. v. Hillmer, 72 Ill. 235; L. S. & M. S. Ry. Co. v. Johnson, 135 Ill. 649.

When a road is so constructed that its crossings are especially dangerous, the company must be held to a sufficient degree of diligence to, so far as possible, overcome the danger.

A railroad company is chargeable with notice of all the perilous circumstances of a crossing constructed by itself. R. R. I. & St. L. R. R. Co. v. Hillmer, 72 Ill. 239; Chicago, B. & Q. R. R. Co. v. Payne, 59 Ill. 541.

Mr. Justice Gary delivered the opinion of the Court.

Just west of State street in the city of Chicago, twenty-one railroad tracks cross 63d street from the northwest to the southeast, and after crossing 63d street curve more toward the east and cross State street very near 63d street.

Shortly before seven o'clock of a bright clear morning on

the second day of July, 1890, Joseph Ouska, the husband of
the appellee, arrived on State street at 63d street on his way,
with several others, to his work at a mill south of 63d.
From the evidence it appears that he was stopped several
minutes by a train that filled the street. When that moved
and Ouska and his companions went on south, they could
see another train standing, if not partly in State street, very
close to it on the east side, from which one hundred people,
more or less, were landing.

In the meantime the whistle of the mill calling to
work, had blown, and Ouska and his companions were
hurrying toward it. In this condition of things, of which
any description can convey but a very imperfect idea of
what must have been the noise and confusion by which Ouska
was surrounded, a train of the appellant, from the southeast,
came on a track southwest of either of the other trains, at a
speed of more than twenty miles per hour across State street
and killed Ouska. He left a widow and five children, two of the
latter grown and able probably to take care of themselves; the
others of tender years. He was forty-five years old, and sup-
ported his family by his wages, which were nine or ten dol-
lars a week when he had work. The verdict is $5,000.

Negligence and due care are questions of fact for a jury
to decide. It does not change the rule that no prophet is
needed to foretell the decision. It may well be urged that
no man exercising ordinary care would attempt to cross that
network of rails; but the appellant can claim no right to shut
the citizen from the public street; and if the appellant makes
the danger so imminent, nothing can prevent a jury from
finding against it, when injury follows. We do not care to
comment on the circumstances of the view blocked by other
trains, the noises, the throng of people, the train speeding
through.

The principle of Pennsylvania Co. v. Keane, 41 Ill. App.
317, is applicable. The fact that the deceased was not
intending to be a passenger, as in that case, does not affect
the question of carelessness of the appellant.

The damages may not be more than the pecuniary injury
to the widow and next of kin. It is impossible to compute

them with mathematical exactness. The objection, based on C. M. & St. P. Ry. v. Halsey, 133 Ill. 248, that an instruction limits the exercise of care by the deceased to "the time of the injury," is removed by the later case of this appellant v. Johnson, 135 Ill. 641, which construes the words "at the time" as covering the whole "series of circumstances." That here the words must have been so understood, is shown by the fact that the fourth and fifth instructions asked by, and given for, the appellant, use the same words in that sense. There is no error and the judgment is affirmed.