## Chicago, Burlington & Quincy R. R. Co. v. John Czaja, Administrator of the Estate of John Kapitana, Deceased.

1. NEGLIGENCE—*Railroads—Fast Trains at Stations.*—A cross-walk over the tracks at a railroad station is an invitation to passengers incoming or outgoing, to whom it is convenient to use it, and it is negligence to run a fast train past another standing at the station, to which passengers are going or which they are leaving.

**Trespass on the Case.**—Death from negligent act. Appeal from the Circuit Court of Cook County; the Hon. GEORGE F. BLANKE, Judge, presiding. Heard in this court at the March term, 1895. Affirmed. Opinion filed June 3, 1895.

CHESTER M. DAWES and FRANK O. LOWDEN, attorneys for appellant.

MAX A. DREZMAL and JONES & LUSK, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellee is administrator of John Kapitana, who was killed a few minutes before seven o'clock in the morning of January 9, 1892, by the cars of the appellant at Hawthorne Station, a few miles out of Chicago.

A plat is in the record, from which we learn that the railroad tracks there trend to the south in going west; that along the north side of the space, then occupied by four tracks, was a platform about eight feet wide, and about one hundred feet long; that the space occupied by the tracks was about fifty feet wide; that a station house was on the south side of the tracks, and a plank walk lay across the tracks from the north platform to the station house.

It is to be presumed that all these features of the situation were the work of the appellant. West of the station house, about fifty feet, was the east line of Hyman avenue. The west end of the north platform extended to the avenue, and planking across the avenue connected with a sidewalk on the west side of the avenue. There was no sidewalk on the east side of the avenue, nor any walk from the station house to the avenue. At the time of the accident daylight was just breaking on a foggy morning. The deceased alighted from a west bound train, which ran on the track next to the north platform. He worked in a stone quarry, some ten minutes' walk from the station, and his nearest way to the quarry was by the station house.

The train from which he alighted was of three cars, and he came out of the middle one, the train then standing between him and the station house.

When the train moved off, he started for the station house along the walk across the tracks, and a train from the west struck and killed him. There is no evidence from

which the speed of that train can be determined with any accuracy. None of the operators of it were witnesses; but it is shown that it was a fast mail train, and five or ten minutes late. In considering whether the deceased was careless, this last circumstance is not immaterial, for the evidence tends to the conclusion that every morning he went to his work at the quarries by the same route.

"Quite a good many people got off of that train that morning."

It is not assigned as error that the declaration is bad, and no variance from it by the evidence was specially pointed out on the trial; nor is the amount of damages complained of; the only questions, therefore, are, did the evidence justify the verdict, and was the action of the court upon instructions right? It is true that the appellant did except to a question whether there was a sound of a whistle, or bell, from the train that struck the deceased, but the answer was " I did not hear." Also whether the mode adopted by the deceased in getting off the platform was not the usual way of passengers, to which the answer was " Well, to some it is, and to some it ain't." It is hardly probable that the jury was affected by either of those answers. The cross-walk over the tracks was an invitation to passengers, incoming or outgoing, to whom it was convenient, to use it.

See cases commented upon in Sweeny v. Old Colony and Newport R. R., 10 Allen 368, cited with approval in Lake Shore and Michigan Southern Ry. v. Bodemer, 139 Ill. 596.

The danger in running a train past another train which passengers are going to or leaving has been a frequent subject of comment by courts. Lake Shore & Michigan Southern Ry. v. Ward, 35 Ill. App. 423; Pennsylvania Co. v. Keane, 41 Ill. App. 317; Lake Shore and Michigan Southern Ry. v. Ouska, 51 Ill. App. 334; 151 Ill. 232. Holding, as we do, that the evidence made a case for the jury, we necessarily hold that the two following instructions were properly refused:

"The court instructs the jury as a matter of law that if you believe from the evidence that the defendant fur-

nished the plaintiff's intestate a safe platform upon which to alight, the defendant discharged its obligation to the plaintiff's intestate, and under the pleadings the plaintiff can not recover.

"The court instructs the jury as a matter of law that if you believe from the evidence that the defendant company furnished the plaintiff a reasonably safe platform upon which to alight, and from which there was a safe exit to 48th street, then your verdict should be for the defendant."

The instruction, "The court instructs the jury as a matter of law, that the plaintiff's intestate was not a passenger of the defendant at the time he was struck by the defendant's locomotive," was properly refused, as neither by pleading nor evidence was it claimed that he was then a passenger, only that he had been, and that the duty not to endanger his exit from the premises was violated. On the whole record there is no error, and the judgment is affirmed.