## Louisville, N. A. & C. Ry. Co. v. William G. Patchen, Administrator of John M. Rowe.

1. RAILROAD COMPANIES—*Dangerous Highway Crossings.*—A railroad company has no authority to shut the traveling public from the streets, and where a street crossing is so dangerous to travelers that it would be considered a want of ordinary care to attempt to make any further use of it, the company will be liable if injury follows.

2. DAMAGES—*$5,000, When Not Excessive.*—Where the deceased was

twenty-seven years old, left a wife and three children, owned two teams, and was a teamster hauling for lumber dealers, the statutory limit ($5,000) is not excessive.

**Action for Damages.**—Death from negligence.   Appeal from the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding.   Heard in this court at the March term, 1896.   Affirmed.   Opinion filed June 29, 1896.

G. W. KRETZINGER, attorney for appellant.

GEORGE W. PLUMMER and WHARTON PLUMMER, attorneys for appellee.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

About nine o'clock in the morning, March 9, 1891, John M. Rowe—of whose estate the appellee is administrator—drove a two-horse wagon, loaded high with lumber, south on State street.   It was a cold morning, and a sharp wind blowing from the west.   Rowe was well muffled, and walked on the east side of the wagon, between the wheels.

The country about the crossing of State street by the railroad track, on which a train of the appellant crossed State street eastward, is open, but little built up.   At the crossing the grade is considerably raised above the general level of the street.   Upon the street there was a good deal of travel.   West of State street the railroad track curved sharply to the north, and between State street and the main track there was evidence that there were several side tracks, terminating at from two to four hundred feet from the crossing.   No survey or measurements being in the evidence, the distance is only estimated.   Upon these side tracks were many freight cars standing; some of the witnesses said the tracks were full.

Rowe approached the crossing.   At the foot of the rise to the grade of the tracks, he stopped four or five minutes and looked around, but it does not appear that he went where he could see to the west of where he stood, and his

load of lumber was much higher than his head. Sign-boards, " Look out for cars," were on both sides of the crossing.

In this condition of the place and its surroundings, Rowe drove up and upon the track, when a train of the appellant from the west, approaching at a speed which the evidence warranted the jury in finding was as much as thirty miles an hour, struck the wagon and killed Rowe.

At that speed the train would run forty rods in fifteen seconds, and therefore no precaution that Rowe could have taken by looking to the northwest before driving upon the track could have been of any avail.

He could not have driven up the grade and across the track within the time of which he could have been assured by any observation that he could have taken of the tracks to the northwest; and therefore if his death is to be attributed to his own want of care, it was want of care to attempt the crossing at all. That the railway crossing was so dangerous to travelers that it was a want of ordinary care by drivers of wagons to make any further use of it, is the logical result.

" But the appellant can claim no right to shut the citizen from the public street; and if the appellant makes the danger so imminent, nothing can prevent a jury from finding against it, when injury follows it." L. S. & M. S. Ry. v. Ouska, 51 Ill. App. 334.

The appellant kept no person at the crossing who, knowing the time at which trains were due, could warn those who were approaching the crossing, and it was inevitable that any ordinary loaded vehicle, attempting to make that crossing, would be, upon a mere coincident in time, caught by a train, notwithstanding all the precautions a driver of such vehicle might adopt. Any course of which such tragic results could be reasonably anticipated, is indefensible. The error assigned based upon the alleged insufficiency of the evidence is overruled. Rowe was twenty-seven years old, left a wife and three children; owned two teams; his business a teamster, hauling for lumber dealers. The statutory limit of damages is not excessive.

It is assigned as error that an ordinance of the city of Chicago, limiting speed to ten miles an hour, was admitted in evidence without proof that the crossing was within the city.

When the ordinance was offered, the counsel of the appellant objected to it only upon the specific ground that it had been repealed, which impliedly admitted its relevancy.

That assignment is overruled. The repeal was not proved, and it is not necessary to recite the municipal legislation and subsequent proceedings to confirm that statement.

Unless the court erred in refusing a peremptory instruction that the jury "should find the defendant not guilty," and that question is open to the Supreme Court—there is no error upon instructions. A good deal of space would be necessary to review the argument of the appellant upon the instructions, and we will abide by the mere statement of no error.

The judgment is affirmed.

Mr. JUSTICE WATERMAN.

I regard the conduct of the deceased in failing to look as he might have done, as amounting to such contributory negligence as to bar a recovery in this case.