## Pennsylvania Company v. Daniel J. McCaffrey.

1. CONTRIBUTORY NEGLIGENCE—*Not Connected with Acts Complained of.*—An act of contributory negligence on the part of the plaintiff not connected with the act resulting in an injury to him will not prevent a recovery.

2. INSTRUCTIONS—*When Properly Refused.*—An instruction which tells the jury what acts or omissions constitute negligence or the reverse is properly refused.

**Trespass on the Case**, for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. EDMUND BURKE, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed February 9, 1897.

GEO. WILLARD, attorney for appellant.

DUNCAN & GILBERT, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellee sued the appellant for injuries by him received as he alighted from a north-bound train of the appellant and was struck by a locomotive going south on an adjacent track. One of the questions on the trial was whether the train from which he alighted had come to a stop before he left it.

Another was whether he was negligent in leaving the train on the west side of it, where there were other tracks, when he might have left it on the east side of it, where there were no other tracks. The brief of the appellant concedes that the appellee alighted at Twenty-second street, and the evidence is that while there was a station house which, by the scale of the map, may be about twenty-five by thirty feet in plan, and fifty feet from the track, some three hundred feet north of the place where the appellee alighted, yet the surface of the ground there on both sides of the track was substantially in the same condition.

It is quite certain, that at the time there was but little daylight, and that from a south-bound train, a passenger, leaving it at Twenty-second street, would probably alight where the appellee alighted.

It is also certain that if the train was not at rest when the appellee alighted, it was very slowly just coming to, or starting from a stop, and therefore the danger to persons leaving the train from running a locomotive by the train, on the next track, was much the same in either case.

If the appellee was negligent, his contributory negligence consisted, not in leaving a train in motion, or leaving it on the wrong side—neither of which acts resulted in any injury to him—but in going upon an adjoining track, where, under the circumstances at the time, he had no reason to suspect the approach of any locomotive. Lake Shore & M. S. Ry. v. Ward, 35 Ill. App. 423; Pennsylvania Co. v. Keane, 41 Ill. App. 317.

The complaint in the brief of the appellant that instructions asked were improperly refused, is answered by the statement that such instructions told the jury what acts or

omissions constituted negligence or the reverse—which the jury and not the court is to determine. Chicago & N. W. Ry. v. Trayes, 33 Ill. App. 307; Wald v. Pittsburg, C., C. & St. L. R. R., 162 Ill. 545.

The criticism of the action of the court upon questions of evidence, may be, in some instances, theoretically just, but practically of not the slightest importance.

The facts which entitled the appellee to recover are not involved in any doubt.

The judgment is affirmed.                                    ○