## J. J. Beall, Executor, etc., v. Alice Robinson et al.

1. ATTORNEYS' FEES—*Duty of Courts in Allowing.*—The judge by whom allowances for attorneys' fees are made should, in arriving at the amount to be allowed, exercise his own judgment and not be wholly governed by the opinions of attorneys as to the value of such services, for he has the requisite knowledge to form a reasonably correct idea as to what is a fair and reasonable compensation and he should exercise that judgment; and while he should consider the opinions of witnesses and the evidence of the sum usually charged and paid for such services, he should not be wholly controlled by the opinion of attorneys as to their value.

Exceptions to an Executor's Report.—Appeal from the Circuit Court of Coles County; the Hon. FRANK K. DUNN, Judge, presiding. Heard in this court at the May term, 1900. Affirmed. Opinion filed September 11, 1900.

J. W. & E. C. CRAIG, W. H. CRUM, HENLEY & HENLEY, and J. H. MARSHALL, attorneys for appellant.

NEAL & WILEY, attorneys for appellees.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

Appellant, as executor of the last will and testament of Mary H. Dora, deceased, filed in the County Court of Coles County, where he was appointed such executor, a final report in which he charged himself with a balance of $1,565.84 as shown by his first report; and credited himself with $998.49 paid out, leaving a balance of $567.35 in his hands for distribution. Appellees, being interested in the estate, interposed exceptions to that report, and upon a hearing in the County Court, some of the exceptions were sustained and others overruled. Appellant prosecuted an appeal to the Circuit Court from the order of the County Court sustaining the exceptions, and the proceeding was again heard in the latter court, where an order was entered sustaining some of the exceptions, and finding that appellant as such executor had in his hands, belonging to the estate, a balance in cash of $1,294.96; five notes, the principal of which amounts to $4,100, and one piano; and ordering that he reform his report according to the findings, and distribute assets in his hands belonging to the estate to those entitled thereto. Appellant prosecutes an appeal to this court from that order, and insists that it ought to be reversed on the grounds that the court refused to admit proper evidence and that its findings and order are contrary to the evidence.

Appellees have assigned cross-errors upon the record and they insist that the court allowed appellant an excessive sum for commission and attorneys' fees.

The record shows that appellant qualified as executor of the will of Mary H. Dora on December 3, 1896, she having died December 1, 1896. On February 1, 1897, he filed in the County Court, an inventory of her estate showing that he had received the following:

Beall v. Robinson.

A piano; a bed room set and bedding; cash on hand at time of death, $1,139.69, and the following notes:

| BY WHOM OWING. | DATE. | INTEREST. | | AMOUNT. |
|---|---|---|---|---|
| Ellen and J. J. Beall, | June 17, 1892. | $186 60 | good | $1,186 60 |
| James Shelly, | Feb. 28, 1894. | 5 95 | " | 205 40 |
| J. W. Craig, | April 13, 1896. | 8 40 | " | 408 40 |
| I. B. and A. J. Craig, | Aug. 1, 1896. | 21 00 | " | 621 00 |
| J. W. Craig, | Nov. 23, 1896. | 6 21 | " | 505 61 |
| James and O. W. Ferguson, | Nov. 21, 1896. | 104 85 | " | 1,704 85 |
| Albert Hankins, | July 1, 1893. | 2 92 | " | 502 92 |

On November 26; 1898, appellant made his first report to the County Court, in which he charges himself with the following:

| | | |
|---|---|---|
| Feb. 1, '97, cash on hand as shown by inventory. | $1,139 | 69 |
| Dec. 5, '96, cash | 1 | 00 |
| Feb. 6, '97, cash James Shelly, note and interest. | 205 | 95 |
| July 1, " " A Hanchins, load and interest. | 517 | 50 |
| Sept. 4, " " Int. on J. B. and A. J. Craig, note | 42 | 00 |
| Nov. 25, '98, cash on J. W. Craig, 2 notes | 136 | 00 |
| Nov. 26, " " on I. B. and A. J. Craig, note. | 42 | 00 |
| Nov. 26, " " on Jenne and O. W. Ferguson note | 168 | 00 |
| Nov. 26, '98, cash sale bed room set and bedding. | 14 | 50 |
| Total | $2,266 | 64 |

And credits himself with the following:

Sundry amounts and to whom paid.....$550.80
Nov. 25, '98, Amt. paid Craig & Craig,
     Att'y fees...................... 150.00     700 80

Balance due.........................     $1,565 84

On July 25, 1899, appellant as such executor presented to the County Court his final report as follows:

He charges himself with balance shown by first report....................................... $1,565 84
He credits himself with judgment in
     his favor......................... $312 50
July 25, '99  Cost administration.....     31 10
    "    "    "    Cost of City Court......     25 45

| July 25, '99 | Printing notice of final settlement.............. | $ 5 00 |
| " " " | J. J. Beall, commissions. | 449 44 |
| " " " | J. W. & E. C. Craig, Att'y fees City Court. | 100 00 |
| " " " | Craig & Henly, Att'y fees, tax cases....... | 75 00 |
| | | $997 49 |
| Balance due................................ | | $ 567 35 |

The evidence shows that appellant attended to the burial of the body of his testatrix, employed attorneys and procured a decree of the City Court of Mattoon appointing a trustee to protect the rights of the beneficiaries under her will, employed atttorneys to defend a suit against her estate to recover taxes, and consulted with attorneys concerning a threatened suit to contest her will.

Appellees' exceptions to appellant's reports seek to charge appellant with the interest accrued upon the note of Ellen and J. J. Beall owing the estate, and to reduce amounts he credits himself with commissions and attorneys' fees.

At the hearing counsel for appellant asked I. B. Craig, an attorney at law, when testifying as a witness in behalf of appellant, this question: "I want to ask you something about an administrator's or an executor's commission, whether you think six per cent is reasonable?" To which counsel for appellees objected and the court sustained it, appellant preserving an exception. Counsel for appellant insist that the court erred in refusing to allow that question to be answered and claim that appellant had a right to show that six per cent commissions for an administrator is reasonable compensation for his services.

Section 132 of chapter 3, Hurd's Revised Statutes, provides that "executors and administrators shall be allowed as compensation for their services a sum not exceeding six per centum on the amount of personal estate and not exceeding three per centum on the money arising from the sale of real estate, with such additional allowances for costs and charges in collecting and defending the claims of the estate and disposing of the same as shall be reasonable."

And in arriving at such sum, the court should hear evidence touching the value of the personal estate, the amount of money arising from the sale of real estate, the kind and quantity of services which the executor or administrator has performed in properly administering upon the decedent's estate, and from such evidence determine the amount of the allowance; keeping, however, within the limitations fixed in the statute; and it would, in our opinion, be highly improper for the court to be influenced in determining such sum by the opinions of witnesses as to whether six per cent is or is not reasonable. The court therefore ruled properly upon the question.

In its order, the Circuit Court allowed appellant the sum of $224.70 as compensation for his services as executor, instead of $449.40, as claimed in his final report; and while the amount allowed is less than six per cent upon the value of the personal estate, yet in view of the fact that appellant had received $1,139.69 of the assets of the estate in cash, was enabled to collect without suit $112.45 of the principal and interest on the inventoried notes, and only had to sell a bed room set and bedding for $14.50, and left five out of the seven inventoried notes uncollected, including the accrued interest on his and his wife's note owing to the estate, although the evidence showed the note was collectible, we can not say the sum allowed for his services was too low; especially when we consider that appellant in administering the estate was only called upon to pay out in claims, funeral expenses and costs (outside of commissions and attorneys' fees) the sum of $926.20.

In determining what amount should be allowed for attorneys' fees in cases where the law makes it the duty of a court to allow reasonable attorneys' fees, as in this and other proceedings of a like character, it has been frequently held by the courts of this State that the judge or chancellor before whom the same are allowed should, in arriving at the amount to be paid, exercise his own judgment, and not be wholly governed by the opinion of attorneys as to the value of the services; for he has the requisite skill and knowledge

to form a reasonably correct idea as to what is a fair and reasonable compensation, and he should exercise that judgment; and while he should consider the opinions of witnesses and the evidence of the sum usually charged and paid for such services, yet he should not be wholly controlled by the opinion of attorneys as to their value. Goodwillie et al. v. Millimann, 56 Ill. 523; Dorsey v. Corn, 2 Ill. App. 533; Reynolds v. McMillan, 63 Ill. 46; McMannomy v. C. D. & V. R. R. Co., 167 Ill. 497, and Metheny et al. v. Bohn, 164 Ill. 495.

The evidence in this record enables us to see the amount and kind of legal services which were rendered for the estate and for which the estate should be charged, and after a careful consideration thereof, we do not feel justified in saying that the learned judge who fixed $150 as a reasonable allowance therefor, has made the same too low, as claimed by appellant, or too high, as claimed by appellee, for in our opinion $150 is a sum both just and fair to all parties concerned.

Finding no reversible error in the proceedings or order of the Circuit Court in this case, the latter is affirmed.