# Village of Chatsworth
## v.
## Ruth Ward.

Defective sidewalks—Notice.—In order to create a liability on the part of a municipality for injuries arising from defective sidewalks, it must be shown that the officers of the municipality had notice of the defect causing the injury, or that the defect had existed for such a length of time prior thereto, that the authorities could, by the exercise of ordinary care, have ascertained the existence of such defect and remedied it.

Appeal from the Circuit Court of Livingston county; the Hon. Franklin Blades, Judge, presiding. Opinion filed February 24, 1882.

Action to recover damages for personal injuries received by appellee through an alleged defect in a sidewalk within the village. The testimony in the case tends to show that the appellee and one Mrs. Turpening, were passing along the walk, when Mrs. Turpening stepping first upon one of the planks, caused it to tilt up; and Mrs. Ward, by either stepping into the hole or by being tripped by striking the plank, was thrown down, causing an injury to her arm. She recovered in the court below, and the village appealed.

Mr. Geo. Torrance, for appellant; that the plaintiff must state in his declaration the nature of defendant's liability, and must prove it as alleged, cited Gridley v. Bloomington, 68 Ill. 47; T. W. & W. Ry. Co. v. Morgan, 72 Ill. 155.

Municipalities are liable only for lack of reasonable care in looking after their sidewalks: Rockford v. Hildebrand, 61 Ill. 157; Centralia v. Krouse, 64 Ill. 21.

If a correct instruction is refused, a new trial should be granted, unless it is plain that if given, it would not have changed the result: Holcomb v. The People, 79 Ill. 409.

Where it is apparent the jury have disregarded the testimony, the verdict should be set aside: Chicago v. Lavalle, 83 Ill. 483.

Mr. G. W. Patton, for appellee; that if an improper instruction is limited by others given on the other side, so that it is not probable it could have misled the jury, there is no ground for reversal, cited Kendall v. Brown, 86 Ill. 387; Skiles v. Carruthers, 88 Ill. 458; T. W. & W. Ry. Co. v. Ingraham, 77 Ill. 309.

Negligence is purely a question for the jury: Galena R. R. Co. v. Yarwood, 17 Ill. 509; Chicago v. Powers, 172.

Where the evidence is conflicting, a verdict will not be set aside unless it is decidedly against the weight of the evidence: Chicago v. Garrison, 52 Ill. 516; Carrigan v. Hardy, 46 Ill. 502; Chicago City Ry. Co. v. Young, 62 Ill. 238; Sheehan v. C. & M. Ry. Co. 48 Ill. 523; C. & G. E. Ry. Co. v. Vosburgh, 45 Ill. 311; Varner v. Varner, 69 Ill. 445; C. N. W. Ry. Co. v. Dement, 44 Ill. 74; Baker v. Robinson, 49 Ill. 299; C. & R. I. R. R. Co. v. McKean, 40 Ill. 218; Ill. Cent. R. R. Co. v. Gillis, 68 Ill. 317; Bishop v. Busse, 69 Ill. 403.

Pillsbury, J. Under the evidence in this case, we are not satisfied with the verdict of the jury. The great weight of the testimony shows that the officers of the village in looking after the condition of its sidewalk, this one with the others, exercised a degree of care and vigilance highly to be commended, and very rarely seen on the part of municipalities, charged with the construction and maintenance of its sidewalks in a safe condition.

The officers of the village whose duty it was to examine the walks in that part of the village where this one was located, passed over the walk in question two days before the accident, for the purpose of examining its condition, and nothing was noticed to indicate its want of repair. The averments in the declaration upon which the negligence of the village is predicated, are that the planks of the walk were permitted to be and remain broken and unfastened, and the stringers to be in an unsafe and insecure condition, etc.

These allegations are not supported by the evidence. There is no testimony in the record that the plank in question had been loose at any time previous to the injury, or that the string

Village of Chatsworth v. Ward.

ers upon which the plank rested were not in good condition. That the plank became or was unfastened from its support, at the time of the accident, may be said to be established by the testimony, but beyond this is mere conjecture.  How it became loosened, or the time when it first became in that condition, does not appear.  It is believed to be a rule of universal application in determining the liability of municipal corporations for negligence in not keeping their sidewalks in proper repair, that it must be shown that they had notice of the defect in the side-walk causing the injury, or that the defect had existed for such a length of time prior thereto, that the authorities could, by the exercise of ordinary care, have ascertained the existence of the defect and remedied it.

A careful examination of the facts appearing in this record, convinces us that there is no sufficient testimony in the case to justify a finding that the village had any notice that the walk in question at the time of the injury was dangerous or unsafe for ordinary travel.   Cities and villages are not insurers against accidents, and where they have exercised ordinary care to keep their sidewalk in a reasonably safe condition, for the use of travelers exercising ordinary care for their own safety, they have discharged their duty to the public, and cannot in such case be held liable, though such persons be injured in passing along the walk.   Error has also been assigned upon the action of the court in giving and refusing instructions; but if such error was intended by appellant to be relied upon, it should have copied the instructions in the abstract.   As in our opinion the evidence contained in this record does not sustain the verdict, he judgment will be reversed and the cause remanded for a new trial.

Judgment reversed.

LACEY, J., dissents.   Without reciting what I understand to be the evidence, I wish to say that in my opinion it was sufficient to sustain the verdict.   Appellee's evidence considered by itself, was clearly sufficient, in which case the judgment should not be reversed.   Lewis v. Lewis, 92. Ill. 240; Calvert v. Carpenter, 96 Ill. 67.