JACOB FENTER

v.

THE TOLEDO, ST. LOUIS AND KANSAS CITY RAILROAD
COMPANY.

*Nuisance—After-Acquired Title—Notice to Defendant—Evidence—Discretion—Error without Injury—Pleading.*

1. There can be no recovery for maintaining a nuisance erected before the defendant acquired title, in the absence of notice and a request to abate the same, unless the defendant has done something to increase it, or it is of itself a fresh nuisance.

2. The admission of evidence tending to prove notice in behalf of plaintiff after defendant's evidence is in, is discretionary with the court.

3. This court can not consider instructions asked which do not appear in the abstract.

[Opinion filed November 30, 1888.]

APPEAL from the Circuit Court of Coles County; the Hon. C. B. SMITH, Judge, presiding.

Messrs. HENLEY & ROSE, for appellant.

The nuisance complained of being an obstruction placed in, and obstructing the natural flow of water in a natural stream, and maintained and used by the defendant, notice to abate or request to remove was not necessary before suit was brought. Caldwell v. Gale, 11 Mich. 83; Colocton Stone Co. v. B. & S. G. R. R. Co., 52 Bar. 390.

All that is necessary (even if so much is necessary) to sustain this action against a grantee of premises which work a nuisance to another, is that the grantee should have knowledge of the fact of the nuisance and permit or maintain its existence in defiance of the known claims of the plaintiff.

Actual notice, and knowledge of such facts as would necessarily lead a person acting in good faith to actual notice, are one and the same thing. White v. Kelly, 42 Ill. 510.

A want of notice or knowledge resulting from a failure to

use proper diligence to ascertain it furnishes no protection to a party.  7 Wait's Act. & Def. 373.

What would not, in a replication, be a departure in pleading, may be given in evidence in reply to a defense under the general issue.  Caldwell v. Gale, 11 Mich. 86.

Messrs. WILEY & NEAL, for appellee.

A grantee who simply maintains a nuisance can only be held liable upon notice and request to abate.  Groff v. Aukenbrandt, 19 Ill. App. 148; Cooley on Torts, p. 611; 3 Sutherland on Damages, p. 395; Penruddock's Case, 3 Cal. 205; Pierson v. Glean, 14 N. J. L., 36; Eastman v. Manufacturing Co., 44 N. H. 143; Nichols v. City of Boston, 98 Mass. 39; Slight v. Gutzlaff, 35 Wis. 675; Grigsby v. Water Co., 40 Cal. 396.

PLEASANTS, J.    This was an action on the case for nuisance, against appellee, in whose favor judgment was rendered below on the general verdict.  The declaration contained four counts, of which the first averred that defendant "wrongfully built a dam, *or* has continued the same in a certain branch or creek which ran through plaintiff's premises;" the second, that it "wrongfully built a dam across said creek *and* has maintained the same;" the third, that it "wrongfully made a large excavation *or* reservoir in the bed of said creek * * * and built *or* maintained a dam in said creek;" and the fourth, that it "wrongfully constructed a dam * * * *or* has wilfully, wrongfully and unlawfully constructed *or* maintained said dam," etc., each charging specific injuries, as that the water was backed upon him, his ford destroyed and his premises rendered unhealthy.

Thus each count attempted to charge distinct wrongs, either cumulatively or alternatively.  The defendant, however, saw fit to plead the general issue, thereby admitting their sufficiency, and plaintiff lost no right or advantage on the trial by reason of any supposed defect in their form.

It appeared that the dam was constructed and the reservoir excavated in 1883, by the Toledo, Cincinnati and St. Louis Railroad Company, on land then owned by Jacob Fickes, at

a point about thirty-seven rods from plaintiff's lines; that the defendant company first came into existence in June, 1886, by the consolidation of the Toledo, Charleston & St. Louis Railroad Company, the Bluffton, Kokomo & Southwestern Railroad Company, and the Toledo, Dupont & Western Railway Company, and that it acquired the land on which the dam was built in November of that year.

The admission of the record of the deed from Fickes to the defendant, over plaintiff's objection, on the ground that the absence of the original had not been sufficiently accounted for, did no harm if it was error, since the date of defendant's organization was fixed by agreement of the parties as a substitute for the articles of consolidation offered, and that the dam was built on land of Fickes', as above stated, was proved by parol evidence without objection. Thus it is certainly shown that neither the defendant nor either of its constituent companies constructed the dam. The only other cause of action alleged was its wrongful maintenance or continuance by the defendant.

It will be observed that the nuisance complained of is the dam itself, and not the use of it or of the reservoir created by it. The injury alleged is the effect of the dam, without regard to its use by defendant. In Groff v. Aukenbrandt, 19 Ill. App. 150, the court said: "Cases of this kind are to be distinguished from those where the nuisance consists in the *use* of the erection, and every act of using it is a fresh nuisance; as the operating of manufactories that emit noisome smokes or smells, the using of a pipe that wrongfully takes the water from another, and the like, where every act of user is a new nuisance." Here it is obvious that the use of the water in the reservoir, or the excavation of the reservoir, could not maintain or continue the dam or give it the effect complained of.

Now, it did not appear that defendant had done any work upon the dam, or any affirmative act in maintenance of it, that would of itself constitute a fresh nuisance, or increase or aggravate the injurious effect of the one already existing when it acquired the land; and the court instructed the jury,

in substance, that in that case, plaintiff could not recover in this action without first notifying defendant that the dam was injurious or offensive, and requesting it to remove it—of which there was no evidence.

It is claimed by appellant that because such notice or request was not in terms alleged in the declaration, which was nevertheless admitted to be sufficient, he was not bound to prove it. We hold that the declaration alleges a "wrongful" maintenance of the dam, and thereby, though defective in form as to several particulars, a substantially good cause of action; and if it had been proved, a verdict for plaintiff would have cured the defective statements. But the allegation of wrongfulness was material and could be proved only by evidence of something actually done by way of maintenance, or a neglect to remove the dam after such request or notice. In the absence of such, the verdict was properly against him. Groff v. Aukenbrandt, *supra;* Same, affirmed, in 125 Ill. 51, and cases there cited. After the evidence for defendant was closed plaintiff again offered himself as a witness in his own behalf to prove a conversation, before suit commenced, with Mr. Chapman, the general agent of defendant, who had testified on the trial, in which, as claimed, he did so notify and request said Chapman as such agent. But the court held this was necessary evidence in chief, and sustained the objection to it on that ground.

The admission or rejection of it, at that stage of the trial, was matter of discretion. If it appeared that Chapman was still present, and that plaintiff could suffer no disadvantage due to the time of its admission, we think the court in the exercise of its discretion might well have received it; but it does not so appear, and we can not say that in excluding it there was such an abuse of discretion as to require a reversal of the judgment.

Some points are suggested in the argument upon refused instructions and special findings. These instructions and findings, however, are not in the abstract. The judge seems to have given instructions prepared by himself, in lieu of those asked on both sides. We think they cover the case and state the law applicable to it with substantial accuracy.

Perhaps it was going too far to say that proof of both the notice and request referred to was necessary to entitle plaintiff to recover, but it was harmless, since there was no evidence tending to prove either.

*Judgment affirmed.*