## G. FLOREZ
## v.
## R. A. BROWN.

*Practice—Insufficient Abstract—Rule 21.*

In the case presented this court affirms the judgment of the court below for want of a sufficient abstract.

[Opinion filed October 23, 1890.]

IN ERROR to the Superior Court of Cook County; the Hon. KIRK HAWES, Judge, presiding.

Messrs. FAIRCHILD & QUEENY, for plaintiff in error.

Mr. M. I. BECK, for defendant in error.

MORAN, P. J. In this case the errors assigned on the record and argued in the brief of counsel, relate wholly to the sufficiency of the evidence to sustain the verdict of the jury. The printed abstract filed, instead of being an abridgment of the record, is a mere index to the evidence in the following form:

"38 to 52 inclusive. Testimony of R. A. Brown on his own behalf."

"54 to 61 inclusive. Original testimony of Sam W. Gregory, on behalf of plaintiff."

There is not a word of evidence in the abstract.

Rule 21 of this court provides: "In all cases, the party bringing a cause into this court shall furnish a complete abstract or abridgment of the record therein, referring to the appropriate pages of the record by numerals on the margin, and shall cause such abstract to be printed in a neat, work-

manlike manner," etc.   Such an index as is filed in this case is in no sense a compliance with the foregoing rule of court. Israel v. Town of Whitehall, 2 Ill. App. 509.

We will not consider a case on so imperfect an abstract as this is.   Instead of a compliance with, it is an evasion of the rule.

With the excessively crowded docket of the court, and the intense labor devolved upon us in examining and deciding the cases, so as to avoid injurious delay in the administration of justice, it can not be expected by counsel that we will go to the written record and dig out therefrom the evidence, which the rule requires shall be placed before us in a fair abridgment and in convenient form in print.   We will not do so. We shall hold counsel to a strict observance of the rules.   The Supreme Court and the Appellate Court in this and other districts have frequently insisted on the observance of this rule as to proper abstracts.   In Johnson v. Bantock, 38 Ill. 114, where the abstracts were as they are here, no more than an index to the record, the Supreme Court said : " We shall not in future feel ourselves bound to hear or decide cases on such abstracts, as from them we can derive no possible assistance.   While it is not necessary to abstract such portions of the record as involve no question, still, the portion on which error is assigned should be fairly and intelligently presented by the abstract, so that the court may see to what the objection is taken."

In Hanchett v. Riverdale Distilling Co., 15 Ill. App. 57, it is said that " it is not the practice to consider errors which are not assigned upon matters which the appellant does not see fit to include in his abstract."   And in village of Chatsworth v. Ward, 10 Ill. App. 75, the court refused to consider errors assigned on instructions not copied into the abstract.

The same course was taken in Fisher v. Ham, 24 Ill. App. 602; Walker v. Houghey, 2 Ill. App. 135; Mueller v. Newell 29 Ill. App. 192; Fenter v. T., St. L. & K. R. R. Co., 29 Ill. App. 250; and in this court in Major v. Collins, and Chicago and Grand Trunk Railway Co. v. Crowle, and in numerous other cases.   In the People v. Angerer, 23 Ill. App. 450, and Lake v. Lower et al., 30 Ill. App. 500, the court affirmed the

judgment for want of sufficient abstract. We think this is the proper course to take, and we shall follow it in the case under consideration.

The judgment will therefore be affirmed for failure to conform to rule.                              *Judgment affirmed.*