### John B. Mallers v. Crane Elevator Company.

1. ABSTRACTS—*Must Comply with the Rules.*—The court is not required to determine from an imperfect abstract, either the merits of a case upon the facts or the correctness of the rulings of the court with reference to the admission of evidence or the giving of instructions.

**Memorandum.**—Assumpsit. Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Submitted at the October term, 1894. Affirmed. Opinion filed January 10, 1895.

D. M. KIRTON, attorney for appellant.

HAMLINE, SCOTT & LORD, attorneys for appellee.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This was an action in assumpsit, on the common counts, by appellee against appellant.

To the action the defendant interposed a plea of the general issue, and a " notice of set-off of ten thousand dollars on account of failure of plaintiff to furnish and provide elevators according to contract sued on," as stated in the abstract. The abstract of the record furnishes no further information of the character of the suit, nor of the defense.

The index to the bill of exceptions shows that twelve separate witnesses testified on the trial, and their testimony covers about 550 pages of typewriting. The testimony of ten of those witnesses is not referred to in the abstract, not even by naming them.

The testimony of the other two witnesses, one for the plaintiff and one for the defendant (the defendant himself), occupying more than one hundred and fifty typewritten pages of the bill of exceptions, is abstracted into forty-seven lines.

As indicated by the numerals on the margin of the abstract, the testimony of defendant on page 69 of the record consisted of the words " no improved spring attachment;" on page 71, " no automatic speed regulator;" on page 72, " no gate valve," with no connecting or explanatory words to show what the witness was testifying about.

What is alluded to in appellant's brief as " a written special contract," relied upon by the plaintiff, is referred to in the abstract as a " contract for second or steam elevator admitted by defendant's attorney to have been signed by Mallers, but introduction objected to," and is not, either in abstract or brief, more particularly described. Referring to the page of the record indicated by the numeral on the margin of the abstract, we do not find any contract of any kind. Looking further into the bill of exceptions and in

different places, at intervals sometimes of more than a hundred pages, we find four contracts of four or five typewritten pages each, all of which have the name of the defendant in type.

We are not required to determine from such an abstract either the merits of the case upon the facts, or the correctness of the rulings of the court with reference to the admission of evidence, or the giving of instructions.

It would be impossible to do so, even though we were not protected from such an undertaking by a salutary rule of court with which counsel, so active and prominent at the bar as appellant's counsel, is unquestionably familiar.

Rule 19 of this court provides:

" In all cases, the party bringing a cause into this court shall furnish a complete abstract or abridgment of the record therein, referring to the appropriate pages of the record by numerals on the margin." This rule is a living one that must be complied with. Lake v. Lower, 30 Ill. App. 500; Florez v. Brown, 37 Ill. App. 270; Richey v. Dunham, 50 Ill. App. 246; Woven Cord Co. v. Coxedge, 50 Ill. App. 334.

For want of a sufficient abstract the judgment is affirmed