## William Fitzgerald v. Joseph N. Barker, Trustee, Carrie L. W. Hoops and Charles H. Hoops.

1. APPELLATE COURT PRACTICE—*Insufficient Abstracts.*—A failure to comply with the rule requiring parties to furnish a complete abstract or abridgment of the record, is a sufficient cause to affirm the decree of the court below.

Assessment of Damages on Dissolution of an Injunction.—Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUT-HILL, Judge, presiding. Heard in this court at the March term, 1895. Affirmed. Opinion filed May 16, 1895.

L. H. BISBEE and W. N. GEMMILL, attorneys for appellant.

BARKER & CHURCH and CLIFFORD & MORE, attorneys for appellees.

Mr. Justice Shepard delivered the opinion of the Court.

In the brief filed by the appellant, it is asked that the decree of the court below, which, we infer from the briefs, was for damages assessed upon the dissolution of an injunction, be reversed for seven assigned reasons, the first and sixth of which are, respectively, based upon what was alleged and prayed for in the bill, and the defense that was set up in the answer.

The other five reasons are based upon the evidence that was heard. The entire transcript consists of over two hundred and fifty pages, mostly in type-writing.

The bill, and exhibits attached, consist of over thirty, and the answer of thirteen, type-written pages, and the certificate of evidence of nearly two hundred of like written pages.

The abstract that is filed contains nothing of the bill or answer, and does not purport to include anything of the entire transcript except certain oral evidence that is contained on twenty pages, from 67 to 86, of the certificate of evidence.

A large number of affidavits, probably fifty, offered in support of and in opposition to the motion to assess damages, which are in the transcript, are not alluded to in the abstract. The decree, even, is not abstracted.

The first three printed pages of appellant's brief are occupied by a statement of facts concerning the subject-matter of the litigation, but there is no reference to the record whereby the court may verify them, and they are not mentioned in the abstract. In short, the abstract purports only to furnish the oral evidence upon the motion.

The failure to comply with the rule requiring parties to "furnish a complete abstract or abridgment of the record," is urged upon our attention by the appellee, and we are bound to notice it, even though our inclination, if time were abundant, might prompt us to waive it.

The rule is a salutary one, and the more eminent the counsel the greater should be their fidelity in its observance; and from the failure to comply with it in this case it is not

a violent inference that counsel had but little faith in the merits of their appeal.

The great pressure of an already overburdened docket, requires us to decline to do the work of counsel, and to apply the rule, as heretofore. Mallers v. Crane Elevator Company, 57 Ill. App. 283, where former decisions are cited. For want of a sufficient abstract the decree is affirmed.