### J. E. Thompson v. J. A. Porter et al.

1. APPELLATE COURT PRACTICE—*Abstracts and Bills of Exceptions.*— An Appellate Court will not review a verdict unless the bill of exceptions purports to contain all the evidence; the same principle applies to an abstract, for the court will not look beyond it to the record for missing evidence.

2. SAME—*Appellee's Brief.*—The appellee in his brief may insist upon the insufficiency of the abstract.

Replevin.—Appeal from the Superior Court of Cook County; the Hon. NATHANIEL C. SEARS, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed January 21, 1897.

GEORGE W. WOODBURY, attorney for appellant.

McGLASSON & BEITLER, attorneys for appellees.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

As to the actual dispute between the parties to this suit, the abstract does not show that any other witness than the appellant himself testified upon the trial, and from that abstract his cross-examination is wholly omitted, the side paging showing that it occupies nine pages of the record.

The abstract shows that some twenty-five other pages of the record which, by what follows, must also contain testimony, are omitted, though a .few sentences are put in as re-direct testimony of the appellant, which are clearly what he would not have said, as they make him call himself " a scoundrel."

The appellant now presents for consideration six of what he calls propositions of law, but which are really statements—which he desired the court to approve—of what the evidence proved; and also urges that " in the light of the law and the undisputed facts of the record," the appellant should have had a finding in his favor—the case having been tried by the court without a jury.

It has long been settled law that an Appellate Court will not review a verdict unless the bill of exceptions purports to contain all the evidence; the same principle applies to an abstract, for the court will not look beyond it to the record for missing evidence. The appellees in their brief insist upon the insufficiency of the abstract, citing among several cases, Mallers v. Crane Elevator Co., 57 Ill. App. 283, but the appellant has not heeded the warning.

Under such circumstances we affirm judgments, and this is affirmed.