THE CURTIS PUBLISHING COMPANY, Appellant, *vs.* THE
CITY OF CHICAGO, Appellee.

*Opinion filed April 20, 1916—Rehearing denied June 9, 1916.*

1. APPEALS AND ERRORS—*when constitutional question will not
be considered.* A constitutional question will not be considered in
a case in which the decision can have no effect upon the judgment
or decree which is the subject of review.

2. INJUNCTION—*when validity of an ordinance does not affect
right to relief prayed.* A publishing company has no right to have
its publication sold from news-stands erected in the public streets
of a city nor to maintain a bill to enjoin the city from enforcing
against it an ordinance permitting the maintenance of news-stands
in the streets for the sale, solely, of daily newspapers published in
the city; and the question whether the city had the power to pass
the ordinance does not affect the right of the complainant to the
relief prayed.

CARTWRIGHT, J., dissenting.

APPEAL from the Superior Court of Cook county; the
Hon. DENIS E. SULLIVAN, Judge, presiding.

DARROW, SISSMAN & YARROS, for appellant.

SAMUEL A. ETTELSON, Corporation Counsel, (LOUIS
B. ANDERSON, and CHESTER E. CLEVELAND, of counsel,)
for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The Curtis Publishing Company filed its bill of com-
plaint against the city of Chicago, alleging that the com-
plainant is a corporation organized under the laws of New
Jersey, duly authorized to transact business in Illinois; that
it publishes a weekly paper known as the *Saturday Even-
ing Post* and sells in Chicago about 70,000 copies every
week; that the paper contains items of general news, arti-
cles of general interest, editorials on current events, inter-
views, short stories and miscellaneous advertising matter,

and the complainant for several years past has exhibited on and sold from news-stands maintained at the corners of many streets in Chicago, as well as in front of many offices and other buildings, thousands of copies of its paper, such news-stands having been maintained for many years past as a convenience to the general public, without complaint or objection from any quarter; that on or about the 4th day of April, 1907, the city council passed the following ordinance, which has been in force since its passage:

"Sec. 1. The commissioner of public works is hereby authorized to permit stands to be maintained on the public streets between the hours of five A. M. and eight P. M., which shall be used for the purpose of exhibiting for sale daily newspapers printed and published in Chicago. Such stands as authorized shall not exceed three feet six inches in height, twenty-two inches in width and fourteen inches in depth, and nothing shall be exhibited, offered or sold therefrom except daily papers, as above described. All such stands shall be removed at the discretion of the mayor or commissioner of public works."

That the proprietors of the news-stands have at various times since the passage of the ordinance been forbidden to exhibit and sell the complainant's paper from such stands; that the city of Chicago, through its commissioner of public works and chief of police, has caused copies of complainant's paper to be destroyed or removed; that at other times the city has permitted the paper to be circulated and sold without any interference whatever, and that finally, after various changes and reversals of policy, orders were given by the chief of police and commissioner of public works to the newsdealers and others that no more copies of complainant's paper be exhibited or sold from the news-stands of the city, and the proprietors of the news-stands were threatened with arrest and prosecution in the event of such order not being strictly obeyed; that in obedience to such orders complainant's paper was denied access to the

news-stands while daily papers printed and published in Chicago continued to be sold therefrom; that by reason of such orders and interference complainant was sustaining heavy pecuniary loss each and every week, and that such loss was not susceptible of being measured or ascertained or adequately compensated in damages recoverable at law; that the ordinance above set forth, under which the officials mentioned issued their orders to the newsdealers, was null and void, in that it unlawfully and unreasonably discriminated against newspapers printed and published outside of Chicago; that said ordinance was also void because it attempted to delegate authority improperly to the commissioner of public works; because it violated section 21 of article 4 of the constitution of the United States, which declares that the citizens of each State shall be entitled to all privileges of citizens in the several States; because it was repugnant to the Inter-State Commerce act of the United States, and because it attempted to grant a special and exclusive privilege, in violation of a provision of the constitution of Illinois. The bill prayed for a temporary injunction restraining the city of Chicago and its officers and agents from interfering with the exhibition and sale of the *Saturday Evening Post* upon the news-stands, for a decree declaring said ordinance void in so far as it attempted to prevent the sale, on the news-stands, of newspapers other than those printed and published in Chicago, and that the city be permanently enjoined from interfering in any way with the exhibition and sale of complainant's newspaper. A temporary injunction was granted, but upon demurrer by the city of Chicago it was dissolved, the bill was dismissed for want of equity, and the complainant has appealed.

We have no jurisdiction to entertain this appeal. The constitutional questions upon which our jurisdiction depends are not involved in this record. On the oral argument counsel for each party conceded that the city had

the power to pass an ordinance permitting the erection of stands on the streets for the sale of newspapers. If this particular ordinance is within the power of the city to enact and is constitutional, it confers no right upon the appellant to have its paper exhibited and sold on news-stands, the appellant is not entitled to relief and its bill was properly dismissed. If it is not within the power of the city to enact or is unconstitutional, then it confers no right upon the appellant to have its paper exhibited and sold on news-stands and confers no right upon any person, the complainant is not entitled to relief and its bill was properly dismissed. In either event the appellant has no right to have its paper sold from stands erected in the street and is not entitled to an injunction restraining the city from interfering with such sales. Whether it may have the right to restrain the city from permitting sales of other papers from news-stands in the street from which it excludes the appellant's paper is a question which the bill does not seek to raise. There is no question involved in the suit calling for a decision upon the validity of the ordinance, and as its validity does not in any manner affect the rights of the complainant to the relief prayed for, it is not involved. (*Village of Morgan Park* v. *Knopf,* 199 Ill. 444.) A constitutional question will not be considered in a case in which its decision can have no effect upon the decree which is the subject of review. *Illinois Central Railroad Co.* v. *Chicago and Great Western Railway Co.* 246 Ill. 620; *Rittenhouse & Embree Co.* v. *Brown & Co.* 254 id. 549.

The cause will be transferred to the Appellate Court for the First District.                *Cause transferred.*

Mr. JUSTICE CARTWRIGHT, dissenting.