(No. 11540.—Cause transferred.)
The Epoch Producing Corporation, Appellee, *vs.* Herman F. Schuettler, Appellant.

*Opinion filed October 23, 1917.*

1. Practice—*Supreme Court will not entertain motion to dismiss cause for insufficiency of abstract.* The Supreme Court will enforce its rules of its own motion and inflict the proper penalties for a violation thereof by reversing the judgment or affirming the same *pro forma* or entering such further orders as are deemed appropriate by the court, and will not entertain a motion to dismiss a cause for insufficiency of an abstract.

2. Appeals and errors—*when validity of ordinance is not involved in appeal.* The constitutionality or validity of an ordinance is not involved in the Supreme Court when the decision of such question can have no effect upon the decree or judgment which is the subject of review.

Appeal from the Superior Court of Cook county; the Hon. Joseph B. David, Judge, presiding.

Samuel A. Ettelson, Corporation Counsel, (Chester E. Cleveland, and Frank D. Ayers, of counsel,) for appellant.

Trainor & Reeve, for appellee.

Mr. Justice Duncan delivered the opinion of the court:

Appellee filed in the superior court of Cook county its petition praying that a writ of *mandamus* may be issued commanding Charles C. Healy, general superintendent of police of the city of Chicago, and M. L. C. Funkhouser, second deputy superintendent of police, and each of them, and their successors in office, forthwith to grant a permit to petitioner to exhibit its photoplay, "The Birth of a Nation," in the city of Chicago to persons of all ages, as provided by the ordinances in force in said city governing the exhibition of photoplays of the character of said photoplay. The substance of the allegations of the amended petition,

so far as necessary to an understanding of this opinion, is, that about February 25, 1915, an application for a permit by appellee to exhibit said picture or photoplay was made to James Gleason, the then general superintendent of police of the city of Chicago, and to M. L. C. Funkhouser, the second deputy superintendent of police, who were then and there the duly authorized motion-picture censors of said city; that a general permit to exhibit said photoplay to persons of all ages, as provided for in section 1627 of the Chicago code of 1911, was refused, and a special permit limiting the exhibition of said photoplay to persons above the age of twenty-one years, as provided for in section 1 of an amended ordinance passed July 2, 1914, was issued. Section 1627 of said ordinances provides as follows:

"1627. *Immoral pictures—Permit not to be granted.*— If a picture or series of pictures for the showing or exhibition of which an application for a permit is made is immoral or obscene, or portrays any riotous, disorderly or other unlawful scene, or has a tendency to disturb the public peace, it shall be the duty of the general superintendent of police to refuse such permit, otherwise it shall be his duty to grant such permit."

Section 1 of the amended ordinance passed July 2, 1914, provides as follows: "That in all cases where a permit for the exhibition of a picture or series of pictures has been refused under the provisions of section 1627 of the Chicago code of 1911, as amended, because the same tends towards creating a harmful impression on the minds of children where such tendency as to the minds of adults would not exist if exhibited to persons of mature age, the general superintendent of police may grant a special permit limiting the exhibition of such picture or series of pictures to persons over the age of twenty-one years, provided such picture or pictures are not of such character as to tend to create contempt or hatred for any class of law abiding citizens."

Section 2 of the amended ordinance provides a penalty by a fine of not less than $10 nor more than $25 for each offense against any person, firm or corporation for admitting a minor or person under the age of twenty-one years to any photoplay when a general permit has been refused under section 1627 and a special permit has been granted to exhibit any picture or photoplay under said amended ordinance. Other ordinances also provide heavy penalties against any person exhibiting or attempting to exhibit photoplays or moving pictures, etc., in said city without first having applied for and obtained a license so to do. The petition apparently contains all other necessary and proper averments to entitle petitioner to such general permit to exhibit its said photoplay in said city, and we learn from the record that a demurrer to the petition was overruled by the court. After the overruling of the demurrer to the amended petition the only information given to this court in the abstract of the contents of the answer of appellant is the following, quoted literally from the abstract:

"Answer filed January 18, 1917, denying historical value of picture and denying many other alleged merits claimed for said picture. The answer sets out the ordinance making the second deputy, under the direction of the chief of police, the censor of moving pictures and public performances of all kinds. The answer admits special permits were issued but alleges that neither the chief of police nor the said second deputy censored said picture; that the secretary to the mayor instructed the second deputy that the mayor had ordered permits to be issued; that the photoplay was exhibited to the mayor's secretary and a party of his friends; that the mayor never authorized the secretary to direct the second deputy to issue said special permit. The answer sets out ordinances prescribing duties of the mayor's secretary. The answer denies authority of the mayor to order permits to issue for the exhibition of moving pictures. The answer sets out copies of the revocation

of said special permits.   The answer alleges collusion of
the mayor's secretary and the owner of the picture to se-
cure the said permit.   The answer alleges the picture is in
violation of the ordinances of the city of Chicago and de-
scribes some of the objectionable scenes in said picture."

We further learn from the abstract that there was a
replication filed, but all that we learn of the replication
is the following, quoted literally from the abstract:

"Replication filed March 27, 1917, admitting part of
answer but denying most of it;  sections 8, 9 and 13 neither
admits nor denies but demands strict proof;  section 15 sets
out decree of superior court of Cook county as follows."

Just after the last quotation the full decree of the
superior court of Cook county, including the title and all
the provisions thereof, together with the signature of the
judge who rendered the decree, is given.   That decree ap-
pears to have been rendered in a case of the Epoch Produc-
ing Corporation against the city of Chicago, William Hale
Thompson, individually and as mayor, etc., and Herman L.
Schuettler, individually and as general superintendent of
police of said city, on a bill for an injunction, and the de-
cree as copied in the abstract covers seventeen pages.   The
court in that decree ordered that the defendants in said
suit, and each of them, and their officers, agents and at-
torneys, and any persons acting by, for or under them or
either of them, and their successors in office, desist and re-
frain from prohibiting, preventing or in any way interfer-
ing with the complainant in that suit, or its successors or
assigns, in the exhibition and production of said photoplay
known as "The Birth of a Nation," in the city of Chicago,
and that they, and each of them, be restrained from revok-
ing the special permits received by the complainant upon
its former application for permits, and that they likewise
refrain from in any way interfering with the possession,
custody and control of the films and other paraphernalia
used and employed by the complainant, its successors and

assigns, in connection with said photoplay and its exhibition. The only finding of fact disclosed by the decree that could possibly be considered by anyone as having any bearing upon the issues that might be legally formed in the instant case is found in the 27th paragraph of the decree and is as follows: "The court further finds that said photoplay, 'The Birth of a Nation,' is not such a photoplay as is prohibited by the ordinances governing the exhibition of moving pictures in the city of Chicago to adult persons."

We further learn from the abstract that there was a rejoinder filed to said replication, but all that we learn about the rejoinder in the abstract is contained in the following language: "Rejoinder to all of replication except sections 8, 9, 13 and 15, which are specially demurred to, filed March 30, 1917." Section 15 of said replication is the only part of the replication set out or referred to in the abstract except as aforesaid, and section 15 is not abstracted but is set out in full. The abstract at its conclusion makes reference to a certificate of the trial judge that the validity of a municipal ordinance is involved in this case and that in the opinion of the trial judge the appeal herein should be taken directly to the Supreme Court of Illinois. The abstract contains no index whatever. It does contain the judgment of the court in this case, which is that the peremptory writ of *mandamus* issue, directed to said respondent Herman Schuettler, appellant here, general superintendent of police of said city, therein and thereby ordering him, as such officer, to forthwith issue or cause to be issued to appellee a permit for the public exhibition of the pictures and films of the photoplay "The Birth of a Nation," which permit shall be issued without any restriction or limitation as to who shall be permitted to view the pictures when placed on public exhibition, etc. By the recitals of said judgment it appears that the demurrer of appellant to sections 8, 9, 13 and 15 of the replication, previously filed by appellee, is carried back to sections 15,

16 and 21 of appellant's answer, which sections of the answer are held immaterial and insufficient and the demurrer thereto is sustained but overruled as to section 15 of the replication of appellee, which was the section of the replication setting up the decree in the injunction suit. Then follows the further recital by the court in the judgment in this case that said amended ordinance of July 2, 1914, is void because of uncertainty, ambiguity and unreasonableness. The ordinance so declared void is the ordinance under which appellee was granted the special permits, and the declaring of that ordinance void by the superior court is the ground upon which is predicated the right of appellant to prosecute this appeal to this court.

There is much argument by appellee in its brief that this court ought to entertain its motion to dismiss this appeal on the ground that appellant has totally disregarded rule 14 of this court in regard to furnishing an abstract of the record so that this court can intelligently know and understand therefrom the material parts of the record and the rulings of the court that are alleged to be erroneous. We deem it proper and advisable to say in this connection that this court will not entertain a motion of the character now before us, no matter how flagrant may be the violation of rule 14. The rules of this court prescribe the remedy of an appellee or defendant in error in every case where the appellant or plaintiff in error has failed to file a sufficient abstract. Under rule 34 he may file an additional abstract if the abstract fails to present parts of the record deemed by him vital to the maintaining of the judgment of the court, and if successful in the cause he will be entitled to have taxed fees for such additional abstract on motion, if the court should be of the opinion that such additional abstract was necessary. This does not mean that the rules of this court as to the contents and make-up of an abstract will not be enforced by this court. Many decisions of this court will be found affirming judgments of

the lower court because the abstract furnished was not sufficient to disclose reversible error, and this court has refused in several instances to go to the record to search for errors complained of when the abstract did not disclose sufficiently that such errors existed, and to consider purported abstracts that were literal copies of the record or parts of the record and not abstracts thereof. Our reason for not considering such motion is that to do so would invite a contest in almost every case filed in this court over the sufficiency of the abstract, thus entailing a vast amount of work upon attorneys and the court that is entirely useless and uninstructive in the consideration of cases. The rules are made to save this court unnecessary work in the consideration of cases and not for the purpose of increasing our work or furnishing ground for further contest to be decided by the court. We deem it advisable to say in this case for the information of attorneys, that this court will enforce its rules of its own motion and inflict the proper penalties therefor by reversing or affirming the same *pro forma* or entering such further orders as are deemed appropriate by the court, but that this court cannot and will not, for the reasons aforesaid, entertain any motion to dismiss a cause for insufficiency of the abstract as herein made.

The only question on this record that we have jurisdiction to decide in this case is whether or not the constitutionality or validity of an ordinance is involved within the meaning of section 118 of the Practice act. The amended ordinance of July 2, 1914, is in no way material to a correct decision of this appeal. The prayer of the petition is for a general permit, without any restriction whatever, to exhibit the photoplay of petitioner. The court ordered and adjudged that the petitioner was entitled to such general permit without restriction or limitation and ordered that such a permit be granted. Neither the court nor any attorney in the case questioned the validity of ordinance 1627, under which the judgment of the court was rendered. The

validity or invalidity of the amended ordinance can in no way affect the question of appellee's right to a general permit and to an affirmance of this judgment. Appellant admits that the validity or invalidity of said amended ordinance can have no material bearing on the issues in this case. Appellant uses the following language in his argument: "So far as this case is concerned, it is immaterial whether this ordinance [said amended ordinance] is valid or otherwise. It deals solely with the granting of special permits and has nothing to do with the granting of general permits, which are provided for under an entirely different section, namely, section 1627 of the Chicago code of 1911. This suit is not to secure a *special* permit under section 1 of the amended ordinance of July 2, 1914, held void by the court in this proceeding,—appellee has already secured that,—but it is to compel the issuance of a *general* permit under section 1627. Therefore, the validity of section 1627, and not that of section 1 of the amended ordinance, is material to this cause. Neither the trial court nor appellee questioned the validity of section 1627."

The constitutionality or invalidity of an ordinance is not involved when the decision of such a question can have no effect upon the decree or judgment which is the subject of review. (*Curtis Publishing Co.* v. *City of Chicago,* 273 Ill. 373; *People* v. *City of Chicago,* 272 id. 451.) The only question that could give this court jurisdiction to consider this appeal would be that the validity of an ordinance is involved. It is conceded that there is no other question in the case that would give this court jurisdiction. As there is no ordinance in this case the validity of which is questioned that has any bearing on the issues, we are without jurisdiction to decide any issue properly in the case. The cause will therefore be transferred, with all the records and files in the case, to the Appellate Court for the First District.

*Cause transferred.*