(No. 19967.

THE HAWTHORNE KENNEL CLUB, Appellant, *vs.* JOHN A.
SWANSON, State's Attorney, *et al.* Appellees.

*Opinion filed April 17, 1930.*

LITSINGER, HEALY & REID, and JACOBSON, MERRICK &
NIERMAN, for appellant.

JOHN A. SWANSON, State's Attorney, (JOHN E. NORTH-
RUP, of counsel,) for appellees.

Mr. JUSTICE DEYOUNG delivered the opinion of the
court:

The Hawthorne Kennel Club, a domestic corporation,
on May 9, 1928, filed its bill in the circuit court of Cook
county to enjoin Robert E. Crowe and Charles E. Graydon,
respectively the State's attorney and the sheriff of Cook
county, Joseph Z. Klenha, the president of the board of trus-

tees of the town of Cicero and Martin Wojciechowski, the chief of police of the same town, their deputies and agents, from preventing the operation or interfering with the use of the complainant's track and grounds in the town of Cicero for the running of dog races and the payment of prizes therefor. An interlocutory injunction was granted in accordance with the prayer of the bill. An answer was filed by the defendants in which they averred, among other things, that in connection with the dog races which the complainant conducted, it operated and maintained a common gaming house in violation of the laws of the State. The State's attorney and the sheriff, by a cross-bill which they filed against the complainant, sought to have its business declared to be a public nuisance. The cross-defendant demurred to the cross-bill but no disposition of the demurrer appears to have been made. The cause was referred to a master in chancery to hear the evidence and to report his conclusions of fact and law.

On June 14, 1929, the complainant filed a supplemental bill in which it alleged that John A. Swanson had succeeded Robert E. Crowe, as State's attorney; that John E. Traeger was the successor of Charles E. Graydon as sheriff; that Swanson, the State's attorney, Traeger, the sheriff, Patrick E. Roche, the chief investigator for the State's attorney, and William D. Blaul, a lieutenant of police of the city of Chicago, acting as a deputy sheriff, with other persons whose names were unknown, had raided complainant's premises and otherwise interfered with the operation of its race track. An order was entered continuing in force the injunction theretofore granted and including within its provisions the additional parties against whom complaint was made by the supplemental bill. The defendants to the original and supplemental bills, by their answer to the latter, denied the charges of unlawful acts on their part and averred that what they had done was merely in the performance of their duties as public officers. On July 24, 1929, the.

complainant filed a petition charging violations of the injunction by the State's attorney, the sheriff, the superintendent of police of the city of Chicago, and certain of their subordinates, and asking for a rule against them to show cause why they should not be punished for contempt of court. Such a rule was entered and the petition was answered by the principal respondents. Upon a hearing, a judge of the circuit court, other than the judge who had granted the injunction, discharged the rule and vacated the orders by which the issuance of the injunction writ had been directed.

The master filed his report on August 2, 1929. He found that the complainant, in conducting dog races upon its track, had not violated the law of the State and he recommended a perpetual injunction against the defendants and their successors in office in conformity with the prayer of the original and supplemental bills. The defendants filed objections to the master's report but their objections were overruled. The objections, by the court's order, stood as exceptions to the report. Before taking final action upon the exceptions, the judge who had granted the temporary injunction which was later dissolved, found that unless such an injunction was immediately restored, the rights of the complainant would be unduly prejudiced and it would suffer irreparable injury. Accordingly, on August 15, 1929, an order was entered which set aside the prior order vacating the orders granting and continuing the interlocutory injunction, and the State's attorney, the sheriff and other officers, were again enjoined, among other things, from interfering with the operation of the complainant's race track, and from molesting or prosecuting its officers, agents or employees. Thereafter, on September 19, 1929, the court by its final decree sustained the exceptions to the master's report and dismissed the original and supplemental bills at the complainant's costs for want of equity. The complainant prayed an appeal to this court. In allowing the appeal,

the circuit court certified that the validity of the act entitled "An act to provide for, regulate and license horse racing in the State of Illinois; to legalize and permit the pari-mutuel or certificate method of wagering on the result of horse races at licensed racing meetings in said State; to render inapplicable certain acts in conflict therewith, and to provide penalties for the violation thereof," effective July 1, 1927, (Laws 1927, p. 28; Cahill's Stat. 1927, p. 904; Smith's Stat. 1927, p. 133), was involved in the case. By the court's order the interlocutory injunction was continued in force until the final disposition of the appeal. From the final decree this appeal is prosecuted.

The appellant makes several contentions for the reversal of the decree. One is that the act of 1927, to which reference has been made, applies solely to horse racing and that it does not purport or intend to prohibit the pari-mutuel or certificate system of wagering on dog races. The appellees insist that this method or system of wagering on races or contests of speed and endurance was unlawful and criminal prior to the enactment of the Horse Racing act in 1927; that since the act deprived no other form of racing of a right already enjoyed, the limitation of the use of the pari-mutuel system to horse racing could not amount to an unconstitutional discrimination against other forms of racing, and that the limitation constituted either an additional prohibition of the use of the system at, or negatived all possible implication of a repeal of the gambling statutes applicable to, such other forms of racing.

The title of the Horse Racing act does not purport to include or relate to any other kind, form or method of racing. Section 15 of the act provides that "nothing herein shall in any way be construed to apply to any other method or manner of racing except the racing of horses, as herein set forth." By the limitation of the title of the act to horse racing, and by the express provision in the body of the act that it shall not be construed to apply to any other method

or manner of racing, the act affords no basis for the assertion of the right to conduct dog races. The appellant's contention that the act applies solely to horse racing makes this concession.

To warrant a direct appeal from the circuit court to this court, the validity, and not merely the construction or application of a statute must be involved in the case. (Practice act, sec. 118; *Standard Motors Securities Corp.* v. *Yates Co.* 337 Ill. 250; *People* v. *Meyer*, 328 id. 122; *Miller* v. *Illinois Central Railroad Co.* 327 id. 103; *People* v. *Pettow*, 320 id. 572; *People* v. *Cermak*, 317 id. 590; *Village of Lake Zurich* v. *Deschauer*, 310 id. 209; *O'Brien* v. *Frazier*, 299 id. 325; *Reining* v. *Mueller*, 248 id. 389; *Clark* v. *Kern*, 171 id. 538; *Pearson* v. *Zehr*, 125 id. 573). To give this court direct appellate jurisdiction upon the ground that the validity of a statute is involved, the statute must be the foundation of some asserted right or of some defense interposed, so that the determination of the validity of the statute is necessary to a decision of the case. (*Illinois Central Railroad Co.* v. *Chicago and Great Western Railway Co.* 246 Ill. 620). If the issues can fairly be decided without reference to the statute, its constitutionality cannot be said to be involved, and its validity will not be determined. *Curtis Publishing Co.* v. *City of Chicago*, 273 Ill. 373; *Illinois Central Railroad Co.* v. *Chicago and Great Western Railway Co. supra.*

The record in this case discloses no ground for this direct appeal. The question whether the original and supplemental bills were properly dismissed, the Appellate Court for the First District has jurisdiction to determine, and the cause will therefore be transferred to that court.

*Cause transferred.*