(No. 20291.—

THE RAYMOND DRAINAGE DISTRICT, Appellant, *vs.* THE CITY NATIONAL BANK OF KANKAKEE *et al.* Appellees.

*Opinion filed April 23, 1931—Rehearing denied June 3, 1931.*

FRANK J. & JAMES T. BURNS, for appellant.

H. H. WHEELER, W. H. DYER, and L. B. BRATTON, for appellees the City National Bank *et al.;* MILLER & SHAPIRO, for appellees Arthur Bertrand *et al.*

Mr. JUSTICE STONE delivered the opinion of the court:

Appellant, the Raymond Drainage District of Kankakee county, by its commissioners, has appealed from an order of the county court of Kankakee county dismissing its peti-

tion for the annexation of land to said district as to all lands sought to be annexed except forty acres belonging to one of appellees. In the county court appellees entered their special appearance for the purpose of moving to dismiss for want of jurisdiction. The petition was amended, and appellees again entered their special appearance and moved to dismiss the amended petition for want of jurisdiction, which motion was denied, and appellees thereafter filed their objections to the complaint, and after a hearing the court entered the aforesaid order complained of.

Appellant has filed an abstract which on page 2 sets forth that the "complaint and petition for annexation recite that petitioners are commissioners and the district was organized under the Levee act; that there are about 2953 acres, mostly devoted to agriculture, giving the date of the organization, the length of the main ditch and laterals, the cleaning out of the drainage system under special assessment; that added improvements are contemplated; that there are about 1767 acres in the watershed not in the district and which are drained by drainage system; that owners thereof have connected with some ditch or drains of the district as shown by red lines on attached plat; said lands are benefited and will be benefited by work and drainage system of district, and are deemed therefore to have made voluntary application for annexation." On this page of the abstract also appears the following: "(Rec. pages 6 to 23.) Said lands are described together with ditch or drain by which connection is made with district and petitioners; (Rec. page 24) pray for annexation; petition is signed and (Rec. page 24½) plat of district showing lands of defendants is attached. Lands of all objectors except Tait are south of and are adjacent to district; Tait lands are northeast of and adjoining." The brief and argument of appellant admit that of the 1767 acres sought to be annexed there is not sufficient evidence in the record to show such connection as is contemplated by the statute, by any of the lands sought to be annexed except

the following tracts: A 40-acre tract described in the complaint as tract 23 and a 240-acre tract owned by the Bank in section 18, described in the complaint, respectively, as tracts 27 and 25, and the Tait tracts described as tracts 30, 31 and 32.

It is argued that all of the 1767 acres are benefited by the district. No copy of the plat showing the tracts as numbered is included in the abstracts. Reference to the record shows when the petition and complaint refer to the lands sought to be annexed and numbers describing each tract from 1 to 34, inclusive. Tract 27 is shown in the petition to belong to Cassius M. Tait and tract 25 to Dominick Louica. Neither tract is alleged to belong to the Bank. Tract 30 is alleged to be owned by Jack Sarowatz, 31 and 32 by Adolph St. Germain. Tract 23 is alleged to belong to John, Daniel S. and Ellen O'Connor.

Rule 14 of this court requires the party bringing the cause to this court to "furnish a complete abstract or abridgment of the record, referring to the pages of the record by numerals on the margin." While the abstract states very briefly the object of the petition, there is therein no description of or appropriate reference to the lands sought to be annexed. This is essential to an understanding of the questions presented. The abstract does not correctly set out the substance of pages 6 to 24½ of the record. It has been many times pointed out that this court will not search the record to reverse a judgment, and we will not do so here to locate the land and the testimony which refers to it. (*Epoch Producing Corp.* v. *Schuettler,* 280 Ill. 310; *Christy* v. *Elliott,* 216 id. 31.) The abstract is not sufficient to properly present the errors assigned.

Because of the failure of appellant to file a sufficient abstract of record the judgment of the county court is affirmed.

*Judgment affirmed.*