(No. 21472.—

THE VILLAGE OF WINNETKA, Appellee, *vs.* THOMAS B. McMARTIN *et al.* Appellants.

*Opinion filed December 23, 1932—Rehearing denied Feb. 10, 1933.*

DEYOUNG and DUNN, JJ., dissenting.

ANDERSON & CLARKE, ROBERT J. SCOTT, and STANLEY RICH, for appellants.

FREDERICK DICKINSON, (EDGAR B. TOLMAN, HOWARD B. BRYANT, and WALTER V. SCHAEFER, of counsel,) for appellee.

Mr. CHIEF JUSTICE HEARD delivered the opinion of the court:

By their appeal Thomas B. McMartin and Stanley Rich seek to have reviewed the record of the superior court of Cook county in a combined special assessment and condemnation proceeding under the Local Improvement act by which the village of Winnetka sought to open and extend

Lincoln avenue for a distance of two blocks from Elm street to Cherry street, in the central business district of the village, by condemning the necessary lands and buildings and improving the same, when so opened, with a re-enforced concrete pavement. After a public hearing before the board of local improvements in February, 1929, an ordinance for the proposed improvement was reported to the city council, approved by it, and in August, 1931, three commissioners were appointed in accordance with the provisions of the statute. These commissioners made a report and filed an assessment roll which showed an assessment against appellant Rich's property of $196.04, divided into twenty installments, and an assessment against appellant McMartin's property in the sum of $370 and divided into twenty installments.

While the abstract of record shows that legal objections were filed by several different attorneys representing different owners, that a hearing was had on some of these objections, that some of them were overruled by the court, that the property owners represented by one set of attorneys waived further controversy as to the remaining questions upon the record, and that said owners jointly and severally, or any one or more of them, prayed "an appeal to the Supreme Court of the order overruling all the legal objections, which appeal was allowed," it does not appear from the abstract what, if any, objections were filed as to the assessments on either appellant's land or that the order overruling the objections applied to the property of either of them. Neither does it appear that they, or either of them, waived further controversy, that the assessment against the property of either of them was confirmed or the land of either of them was ordered condemned, or that they, or either of them, prayed and were allowed an appeal. The abstract of record must be so made up as to fully present for decision every error and exception relied upon and shall so present the case that the errors relied upon for reversal shall clearly appear upon the face of the abstract, as it is

not the duty of the Supreme Court to search the record for reversible error. (*Raymond Drainage District* v. *City Nat. Bank,* 344 Ill. 186; *Reavely* v. *Harris,* 239 id. 526.) In *Johnson* v. *Bantock,* 38 Ill. 111, it is said: "Whilst it is not necessary to abstract such portions of the record as involve no question, still the portion on which error is assigned should be fairly and intelligibly presented by the abstract so that the court may see to what the objection is taken."

It is apparent that the abstract does not show that the appellants, or either of them, at the time of taking the appeal had a present right of appeal, and it is therefore dismissed.

*Appeal dismissed.*

Mr. JUSTICE DeYOUNG, dissenting:

The majority of the court declares that the abstract of the record filed by the appellants is not sufficient to present for decision the errors relied upon and for that reason orders the dismissal of the appeal. The abstract shows that a special assessment, divided into twenty installments, was levied upon the property of Thomas B. McMartin in the sum of $370 and upon the property of Stanley Rich for $196.04; that specific objections to the assessment, twenty in number, were filed by Anderson & Clarke and Robert J. Scott, attorneys, in behalf of certain owners of property; that the legal objections filed by these attorneys were overruled and an exception was taken; that the owners so represented waived further controversy respecting the remaining questions upon the record and, jointly and severally, prayed an appeal to this court from the order overruling their legal objections; that an appeal was allowed and the periods of time for the filing of an appeal bond and a bill of exceptions were fixed, and that within these periods an appeal bond, approved by the trial judge, and a bill of exceptions were filed by Thomas B. McMartin and Stanley Rich.

The abstract further shows that, on the day the bill of exceptions was filed, the petitioner, the village of Winnetka, and the defendants McMartin and Rich entered into a stipulation that certain exhibits constituting part of the petitioner's *prima facie* case might be omitted from the bill of exceptions; that both appellants McMartin and Rich testified in support of their objections and that attorney Anderson conducted the direct examination of the former and attorney Scott of the latter. The assignment of errors, set forth in the concluding pages of the abstract, is by "Thomas B. McMartin and Stanley Rich, appellants in the above entitled cause, by Anderson & Clarke, Robert J. Scott and Stanley Rich, their attorneys" * * *. Among the errors of which complaint is made in this assignment is the order overruling the legal objections of the appellants and that order is identified by the date of its entry. When the facts so disclosed are considered, the criticisms of the majority that the abstract fails to show the filing of objections against the assessment in respect of the appellants' parcels of land; the applicability of the order overruling all legal objections to their properties; their waiver of further controversy upon the record or their prayer for and the allowance of an appeal, do not seem to be justified. It sufficiently appears from the abstract that the appellants, after waiving further controversy upon the record, prosecuted an appeal from the order overruling their legal objections. The abstract therefore presents the question whether that order was a final and appealable one or whether it should have been followed by a judgment confirming the assessment against the appellants' lots or parcels of land as the indispensable basis of an appeal. The parties, in my opinion, are entitled to a decision upon that question.

The disposition of this case upon the ground of the insufficiency of the abstract cannot be supported for another reason. Prior to the submission of the cause, counsel for the appellee made a motion to dismiss the appeal. In their

suggestions in support of the motion they said: "An examination of the record and abstract filed in this case shows that no judgment has been entered confirming any assessment against the property of the appellants. The order appealed from (Abst. 14 and 15) is an order overruling legal objections. Further controversy was waived and an appeal taken from an order overruling legal objections. Inasmuch as a judgment of confirmation is necessary before the case is completely disposed of, we submit that the order overruling legal objections is not a final order and therefore not appealable and the appeal should be dismissed." This statement was followed by the citation and review of certain authorities. The motion was not immediately decided, but was reserved for disposition with the case itself. The question raised by the motion, namely, the right of the appellants, in the state of the record, to prosecute an appeal, necessarily lies at the threshold of any consideration of the case. A decision upon the question was imperative, for if no final and appealable order had been entered, this court would not acquire jurisdiction of the appeal and the consent or acquiescence of the parties could not confer such jurisdiction. Yet the opinion of the majority wholly ignores the motion to dismiss.

The abstract of the record, in my opinion, was not so deficient as to preclude consideration of the errors assigned. Obviously, a motion by the appellee to dismiss an appeal need not, and in this case could not, be abstracted by the appellants, and under rule 24 would be determined upon the transcript of the record. Apart, therefore, from any abstract, the motion presented a question which required a decision.

For the foregoing reasons, I cannot assent to the method adopted by the majority of the court for the disposition of this case.

Mr. Justice Dunn concurs in this dissenting opinion.