Walter Burk and Paul Burk, Appellees, v. K. B. Weber et al., Appellants.

Opinion filed May 8, 1936.

ALBERT E. ISLEY, of Newton, for appellants.

GEORGE W. McCOLLEY, of Newton, for appellees.

MR. PRESIDING JUSTICE EDWARDS delivered the opinion of the court.

Appellants' brief states that "this is an action by the plaintiffs, Paul Burk and Walter Burk, to recover damages for an alleged or fake arrest, alleged to have been committed by the defendants." There was a trial before the court, who awarded a judgment against appellants in favor of Paul Burk for $750, and to Walter Burk in the sum of $250.

Appellants state that among other reasons relied upon for reversal, there is no evidence "to identify the defendants, or either of the defendants, as having

committed the alleged trespass, viz., assault and battery or false imprisonment''; and further that ''the evidence offered in behalf of defendants was conclusive that none of the defendants were present at the time of the shooting except Elmer Fehrenbacher, deputy sheriff of Jasper County, and Harold Fehrenbacher, who was present when the plaintiff, Paul Burk, committed the act, viz., assault with a deadly weapon, for which the plaintiffs were being apprehended.''

Appellees reply thereto that the amended answer of appellants admits that all of them except Harold Fehrenbacher were present at the time and place of the trouble and took part therein, or at least a part of them did. It is thus seen that one of the principal questions for this court to consider is whether appellants made such admission by their pleadings.

The abstract of appellants sets forth the testimony, oral and documentary, in apt form, but it does not digest or epitomize the pleadings; neither does it state their substance or otherwise furnish any information as to the character of the suit or the nature of the defense.

Number 8 of the Rules of Practice of this court requires that ''in all cases the party prosecuting an appeal in the Appellate Court shall furnish a complete abstract of the record, referring to the pages of the record by numerals on the margin.'' It further provides that the evidence, if there be such, shall be condensed in narrative form so as to present its substance tersely and with clarity.

Where the rule requires a complete abstract of the record, such must be complete in fact, and the reviewing court is under no obligation to search the record for errors. *Village of Winnetka v. McMartin,* 351 Ill. 134.

It has been held by both the Supreme and Appellate Courts that a rule requiring appellant to furnish

a complete abstract is not complied with when the abstract does not set forth the substance of the pleadings. *Christy v. Elliott,* 216 Ill. 31; *Fitzgerald v. Barker,* 58 Ill. App. 604.

A failure of appellant to file a sufficient abstract warrants the reviewing court in affirming the judgment. *Watson v. Sullivan,* 260 Ill. App. 259; *Bour v. Cook,* 209 Ill. App. 315. In *Fitzgerald v. Barker, supra,* the court held that an abstract which fails to show the pleadings, and only sets out the oral evidence, is not sufficient and warrants an affirmance of the judgment.

In such situations the court is not bound to wait for appellees to raise the question, but may, of its own motion, affirm the judgment for want of a sufficient abstract. *Mallers v. Crane Elevator Co.,* 57 Ill. App. 283; *Florez v. Brown,* 37 Ill. App. 270.

The abstract furnishes us with no information as to the contents of the pleadings, without which we cannot know whether the amended answer admitted the presence of certain appellants at the scene of the trouble and their participation therein, hence it is impossible to pass upon the two contentions of appellants, before mentioned, except by a search and examination of the record, which the Supreme Court, in *Village of Winnetka v. McMartin, supra,* has held to be no duty of the reviewing court.

For want of a sufficient abstract the judgment is affirmed.

*Judgment affirmed.*